MIKLIK v MICHIGAN SPECIAL MACHINE COMPANY

Docket No. 66306. Argued May 12, 1982 (Calendar No. 4).—Decided
    December 22, 1982.

John A. Miklik was determined to be permanently and totally
    disabled because of aggravation of a pre-existing arterioscler-
    otic condition by his employment and was awarded workers'
    compensation benefits. His employer, Michigan Special Ma-
    chine Company, and its insurer, Seaboard Fire & Marine
    Insurance Company, sought leave to appeal to the Supreme
    Court on the ground that arteriosclerosis is an ordinary disease
    of life which cannot be caused or aggravated by employment
    and is not compensable. Before the employer's application was
    considered, John A. Miklik died, and Doris Miklik, his widow,
    was added as personal representative of his estate. The Su-
    preme Court, in lieu of granting leave to appeal, remanded the
    case to the board for reconsideration on the premises that
    arteriosclerosis is not compensable and that there must be a
    link between a specific incident on the job and a specific cardiac
    episode to warrant compensation. Upon remand, the board
    reiterated its previous decision. The Court of Appeals, Danhof,
    C.J., and Bronson and Beasley, JJ., denied leave to appeal
    (Docket No. 51003). The defendants appeal.

    In an opinion by Chief Justice Fitzgerald, joined by Justices
    Kavanagh, Williams, Levin, Coleman, and Ryan, the Supreme
    Court held:

    The facts of this case were not correctly assessed by the
    board in light of the legal standard prevailing at the time it
    decided the case. The board's conclusion that there was an
    aggravation of the claimant's condition by general job stress
    without a link between a specific incident of employment and a
    specific cardiac episode was insufficient.

    1. A claimant in a workers' compensation case must establish
    by a preponderance of the evidence both a personal injury and
    a relationship between the injury and the workplace. Where a
    heart-related injury is involved, it must first be determined

REFERENCES FOR POINTS IN HEADNOTES
82 Am Jur 2d, Workmen's Compensation §§ 300, 301.

that there is heart damage and only then whether the damage can be linked with sufficient proof to the employment.

2. The law in effect at the time the board rendered its decision was that ordinary diseases of life, such as arteriosclerosis, are not compensable. However, the availability of compensation did not hinge on whether the claimant had arteriosclerosis. Were a claimant with such a condition to have suffered separate heart damage linked by sufficient proof to the work-. place, the injury was compensable.

3. In this case, the board failed to consider whether the claimant suffered separate heart damage, awarding compensation on the basis of the aggravation of his arteriosclerotic condition alone. No link was made between a specific cardiac episode and a specific incident in his employment. The board's general conclusions of the existence of stress, anxiety, and exertion over a. period of time on the job did not satisfy the conditions required to permit compensation.

Reversed and remanded for further proceedings.

WORKERS' COMPENSATION — WORK-RELATED INJURY — ARTERIOSCLEROSIS.

A determination by the Workers' Compensation Appeal Board that a claimant was entitled to benefits on the basis of the aggravation of an arteriosclerotic condition by general stress, anxiety, and exertion on the job without considering whether the claimant suffered separate heart damage and without linking a specific cardiac episode with a specific incident in the workplace was insufficient at a time when the law was that the ordinary diseases of life were not compensable (MCL 418.401[c]; MSA 17.237[401][c]).

*Ross & Bruff, P.C.* (by *William Ross*), for the plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), for the defendants.

Amici Curiae:

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Jonathan T. Kopit*), for the Detroit Plastic Molding Company.

*Lopatin, Miller, Freedman, Bluestone, Erlich,*

*Rosen & Bartnick* (by *Joel L. Alpert)* for the Michigan Trial Lawyers Association.

FITZGERALD, C.J. We are asked to determine whether the award of workers' compensation benefits in this case was proper in view of our decision in *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979). We hold that this case was not assessed correctly by the Workers' Compensation Appeal Board and, therefore, reverse the award.

I

Plaintiff John A. Miklik[1] was hired by defendant Michigan Special Machine Company in 1953 at age 25. Miklik, a journeyman toolmaker and machinist, first worked for the company as a fixture builder; in 1959 or 1960 he became a "leadoff" man, supervising the construction of machinery.

Miklik also worked as a serviceman for Michigan Special Machine, a job which required him to supervise the installing and servicing of machinery in other plants. This work primarily was confined to the Midwest, although Miklik did travel to Italy and was on assignment in France for several weeks in 1965.

At various times in his life, Miklik apparently was beset with health problems, including scarlet fever, rheumatic heart disease, diabetes, obesity, hypertension, and liver damage. He was absent from his job for several periods from January, 1973, until he left permanently in October, 1974.

---

[1] Plaintiff John A. Miklik died on November 26, 1979. His widow, Doris Miklik, personal representative of his estate, subsequently was added as a plaintiff in this case.

Miklik successfully applied for workers' compensation benefits in 1975. He contended that stress, strain, anxiety, and other incidents of his employment had caused hypertension, and had aggravated and accelerated pre-existing arteriosclerosis and rheumatic heart disease. The hearing referee found Miklik to be permanently and totally disabled. The WCAB affirmed,[2] and the Court of Appeals denied leave to appeal.

This Court remanded the case to the WCAB for reconsideration in light of *Kostamo.* 407 Mich 932. The WCAB affirmed its previous decision,[3] and the Court of Appeals again denied leave to appeal. This Court granted leave to appeal on November 4, 1981. 412 Mich 856.

## II

In all successful workers' compensation cases, the claimant must establish by a preponderance of the evidence both a personal injury and a relationship between the injury and the workplace. In heart cases, the first question is whether there is heart damage. The second is whether the heart damage can be linked by sufficient proof to the employment. Only if the first question is answered affirmatively need the second be asked.

The existence of heart damage is, of course, a matter of medical proof. The factfinder in a workers' compensation case ordinarily is free to accept the most persuasive medical testimony. However, should the medical testimony advance a theory

---

[2] *Miklik v Michigan Special Machine Co,* 1979 WCABO 113.

[3] *Miklik v Michigan Special Machine Co (After Remand),* 1980 WCABO 857.

which conflicts with the law, the factfinder would be precluded from adopting that testimony.

In assessing heart cases, the factfinder is controlled by the syllogistic analysis of the *Kostamo* majority: The Legislature has determined that ordinary diseases of life are not compensable. Arteriosclerosis is an ordinary disease of life. Therefore, arteriosclerosis is not compensable.[4]

Thus, it would be an abuse of a factfinder's legal discretion to accept medical testimony that a worker with arteriosclerosis and nothing more is a worker with compensable heart damage. Arteriosclerosis is by legal definition an ordinary disease of life; it follows, therefore, that arteriosclerosis is *not* compensable heart damage.

However, even though arteriosclerosis alone does not justify compensation, neither does it bar compensation. Heart damage, such as would result from a heart attack, is compensable if linked by sufficient evidence to the workplace. The availability or unavailability of compensation does not hinge on whether the claimant previously was in excellent health or had a health problem. With respect to eligibility for compensation, the employee with arteriosclerosis, even though more

---

[4] At the time of Miklik's alleged injury, the pertinent language of the statute was: "Ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable." MCL 418.401(c); MSA 17.237(401)(c).

Effective January 1, 1982, that portion of the statute now reads:

"An ordinary disease of life to which the public is generally exposed outside of the employment is not compensable. Mental disabilities and *conditions of the aging process, including but not limited to heart and cardiovascular conditions, shall be compensable if contributed to or aggravated or accelerated by the employment in a significant manner".*

We emphasize that our decision in this case rests solely on the statutory language at the time of the alleged injury.

susceptible to a heart attack, stands on equal footing with the employee who had no earlier cardiovascular difficulties.

The WCAB, upon remand, accepted medical testimony that Miklik's health problems were job-related, and then found them to be compensable. The board failed to follow *Kostamo's* direction that in order for there to be compensation there first must be an injury. It is impossible to turn arteriosclerosis into compensable heart damage merely by labeling it so. The board's opinion, worded in conclusory terms, ignored this premise of *Kostamo.* Testimony, at most, showed the progressive effects of arteriosclerosis, not *separate* heart damage.

In fact, the WCAB, on remand, noted that in its first opinion it had relied on the testimony of Miklik's medical expert, who said that "work aggravation of the hypertensive arteriosclerotic heart disease caused plaintiff's disability". The board later found that Miklik was the victim of heart damage, concluding that "the stressful employment aggravated the pre-existing arteriosclerotic heart condition". Such a bald assertion completely ignores *Kostamo.*

The main issue in two of the five cases which comprised *Kostamo* was whether there had been heart damage. The Court stated that the occurrence or non-occurrence of a heart attack is a purely medical dispute; faced with conflicting expert testimony, the WCAB was compelled to decide the issue. The board concluded that in neither case had a heart attack occurred; thus, there was no heart damage. This Court affirmed and emphasized that absent such "proof" of heart damage, the

presence of arteriosclerosis alone would not support an award of benefits.

"Although there is a causal relationship between the underlying disability, arteriosclerosis, and [claimants'] inability to continue working, that disability was not caused and could not have been aggravated by their employment." *Kostamo,* p 118.

### III

Even if the WCAB had had adequate support for its finding of heart damage in *Miklik,* the board further failed to show a sufficient link between the damage and the workplace. There must be a relationship proved between the damage and *specific* incidents or events at work. General conclusions of stress, anxiety, and exertion over a period of time do not satisfy this second requirement. There must be enough detail about that which precipitated the heart damage to enable the factfinder to establish the legal connection by a preponderance of the evidence.

The link between the work and the heart damage need only be one of reasonable relationship of cause and effect. Other possible or probable causes need not be excluded beyond doubt. Further, the work need not be the *sole* cause of the damage; it is sufficient if the employment is *a* cause. The factfinder must identify and evaluate the discrete factors of employment which are connected to the damage. The *Kostamo* Court noted several examples which have been regarded as significant by courts and commentators: temporal proximity of the cardiac episodes to the work experience, hot and dusty conditions, repeated return to work after a cardiac episode, and mental stress.

The WCAB's conclusion in *Miklik* that general stress existed without a link between a *specific* incident of employment and a *specific* cardiac episode does not suffice. Accordingly, we reverse the decision of the WCAB.

The present Court, while unanimously concurring in this opinion, is equally divided on the question of whether, in light of the reversal of the WCAB, this case should be remanded for further proceedings. Not wishing to affirm the WCAB by such division, a majority of the Court directs that this case be remanded to the WCAB for further proceedings not inconsistent with this opinion.

KAVANAGH, WILLIAMS, LEVIN, COLEMAN, and RYAN, JJ., concurred with FITZGERALD, C.J.

RILEY, J., took no part in the decision of this case.