KIRBY v GENERAL MOTORS CORPORATION

Docket No. 80515. Submitted April 8, 1985, at Detroit.—Decided September 17, 1985. Leave to appeal applied for.

Joe Kirby, an employee of General Motors Corporation, sought workers' compensation benefits, alleging that he had suffered a heart attack as the result of an aggravated or accelerated heart condition caused by his work. A hearing officer for the Bureau of Workers' Disability Compensation determined that Kirby was entitled to benefits, finding that Kirby was disabled due to arteriosclerotic heart disease and that his employment contributed to the development, aggravation and/or progression of his heart problems. General Motors appealed to the Workers' Compensation Appeal Board, which affirmed the decision of the hearing officer. General Motors sought leave to appeal to the Court of Appeals, which denied leave. General Motors then sought leave to appeal to the Supreme Court, which, in lieu of granting leave, remanded the case to the Court of Appeals for consideration as on leave granted, 419 Mich 920 (1984). On appeal, General Motors argued that the appeal board utilized an improper causation standard by determining that Kirby was entitled to compensation where the heart damage he sustained was not sustained separately and apart from arteriosclerosis, a noncompensable ordinary disease of life, and where work events were not linked to Kirby's heart damage. *Held:*

1. While arteriosclerosis, with nothing more, is not compensable under Michigan's workers' compensation statutes, the presence of arteriosclerosis does not bar recovery if the heart damage is linked by sufficient evidence to the workplace. If an employee, including an employee with arteriosclerosis, sustains heart damage linked to employment factors, benefits are available. Thus, where, as here, heart damage is linked to work

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Workmen's Compensation §§ 549 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Workers' Compensation.
[3] Am Jur 2d, Workmen's Compensation § 300.
See the annotations in the ALR3d/4th Quick Index under Heart and Heart Disease.
Am Jur 2d, Workmen's Compensation §§ 509 *et seq.*

factors, the appeal board may appropriately order compensation, even though the employee suffered arteriosclerosis and even though the causal link between work and heart damage exists via exacerbation of the arteriosclerotic process.

2. The WCAB's factual finding that Kirby's myocardial infarction resulted, in part, from work factors is supported by evidence in the record and is therefore conclusive. The appeal board did not err in awarding compensation to Kirby.

Affirmed.

1. WORKERS' COMPENSATION — FINDINGS OF FACT.

Fact-findings made by the Workers' Compensation Appeal Board are conclusive in the absence of fraud if there is competent evidence in the record to support them (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — FINDINGS OF FACT.

Findings of fact made by the Workers' Compensation Appeal Board are not lightly set aside, but the Court of Appeals will reverse where the appeal board has operated within the wrong legal framework or has employed incorrect legal standards in reaching its decision.

3. WORKERS' COMPENSATION — HEART DAMAGE — ARTERIOSCLEROSIS.

Arteriosclerosis, without more, is an ordinary disease of life and is not compensable under Michigan's workers' compensation statutes; however, even though arteriosclerosis alone does not justify compensation, neither does it bar compensation in a case where an employee with arteriosclerosis suffers heart damage which is linked by sufficient evidence to the workplace; compensation may be awarded where heart damage is linked to work factors, even though the employee suffered from arteriosclerosis and even though the causal link between work and heart damage exists via exacerbation of the arteriosclerotic process.

4. WORKERS' COMPENSATION — HEART DAMAGE — ARTERIOSCLEROSIS — EVIDENCE.

An employee with a history of arteriosclerosis who is seeking workers' compensation benefits for heart damage allegedly caused by his employment must show specific incidents or events at work connecting the heart damage to the workplace because general conclusions of stress, anxiety, and exertion over a period of time are not sufficient to link the damage to the workplace; the employee must show a reasonable relationship of cause and effect between work and the heart damage, showing that employment is a cause of the damage.

*Bockoff & Zamler, P.C.* (by *Daryl Royal*), and *Harry D. Hirsch, Jr.,* for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), for defendant.

Before: Hood, P.J., and V. J. Brennan and R. M. Maher, JJ.

Per Curiam. Defendant General Motors Corporation appeals from a decision of the Workers' Compensation Appeal Board which awarded compensation to plaintiff Joe Kirby. The case is before this Court upon remand from the Supreme Court for consideration as on leave granted.

Plaintiff's petition with the Bureau of Workers' Disability Compensation alleged that he suffered a work-caused aggravated and/or accelerated heart condition, causing a heart attack. A hearing was subsequently held before a hearing officer.

Plaintiff worked as a final repair painter, buffing and spray painting Cadillac limousines at the rate of about 14 cars per 8-hour shift. Some of the buffers he used weighed 20 pounds, while others weighed 40 pounds. After he finished buffing and spraying the cars, Kirby had to push them to the next part of the conveyor belt. The cars weighed an estimated 5000 to 7000 pounds each, and he sometimes had to push them unassisted. Plaintiff indicated that when he pushed a car without assistance, he would get "heated up".

The evidence at the hearing revealed that during his employment plaintiff started experiencing chest pains and "heating up". He had pains at work after pushing or buffing cars, and he also had pain at home. Sometimes the pain would last 30 minutes, sometimes as long as 3 or 4 hours. When he experienced these pains at work, he would lie

on a bench until he felt better or go to defendant's first aid station, then go back to work. He said he had to go to first aid two or three times weekly during his last six months or year of employment. He told his foreman that the pain got increasingly worse.

In June of 1977, plaintiff was laid off for a model changeover. During June and July, while home, plaintiff would have pain at no particular times. At the end of July, the pain got so bad that plaintiff went to a hospital for help. It was determined that plaintiff sustained a myocardial infarction on August 1, 1977. Hospital records were admitted at the hearing indicating this and showing plaintiff's subsequent course of treatment. Plaintiff required bypass surgery, had another heart attack subsequently, and was in and out of the hospital from that time to the time of the hearing. He was unable to return to work. Plaintiff's foreman confirmed that during the last six or seven months plaintiff worked plaintiff would get "ill" periodically at work and recalled his going to first aid "once or twice".

The hearing officer considered deposition evidence from two medical experts, William U. Reidt, M. D., for defendant and Hershel E. Mozen, M. D., for plaintiff.

Dr. Reidt opined that plaintiff's 1977 heart attack was not related to or aggravated by work. He pointed to numerous risk factors, such as plaintiff's history of diabetes, hypertension, obesity and smoking, as causing his arteriosclerosis and heart attack. He also noted that the heart attack occurred a month after plaintiff's last day of work. Dr. Reidt did concede on cross-examination that at the time he formed his opinion he was not aware of all of plaintiff's job tasks, such as pushing limousines off the line. He indicated that it was

possible but not necessarily true that plaintiff could have sustained heart damage as a result of pushing cars and using a heavy buffer and experiencing pain lasing 30 minutes or more.

Dr. Mozen noted that plaintiff had a history of diabetes, heart trouble and high blood pressure and that he had smoked for 35 years and drank two pints of alcohol each weekend for the 50 years preceding 1977.[1] He also noted a family history of high blood pressure.

Dr. Mozen also noted, however, that plaintiff's job involved strenuous heavy labor and exposure to atmospheric pollutants. He opined that the work activities and exposures were probable factors in the aggravation or progression of plaintiff's heart problems. Dr. Mozen indicated that prolonged periods of angina pectoris suffered by plaintiff indicated prolonged episodes of diminished blood flow and diminished oxygen to the myocardium and probably resulted in muscle damage to microscopic or subclinical areas of the heart. He explained that angina pectoris is a symptom of the pain experienced in the chest when there is a lack of blood supply and oxygen to the heart muscle caused by the arteriosclerotic condition.

The hearing officer found that plaintiff was disabled due to arteriosclerotic heart disease and that his employment contributed to the development, aggravation and/or progression of his heart problems. Defendant appealed to the WCAB, which also decided, in a 2-1 decision, that plaintiff was entitled to compensation.

In its appeal of the WCAB opinion, defendant argues that the WCAB committed errors of law in awarding plaintiff compensation for a cardiac-

---

[1] We note that the time period is unlikely since Mr. Kirby was born in 1921.

based disability. While defendant's argument is multifaceted, the gist of it is that the WCAB utilized an improper causation standard by determining that plaintiff was entitled to compensation where (1) the heart damage plaintiff sustained was not sustained separately and apart from arteriosclerosis, a noncompensable ordinary disease of life, and (2) *specific* work events were not linked to plaintiff's heart damage.

Fact-findings made by the WCAB are conclusive in the absence of fraud if there is competent evidence in the record which supports them. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96; 214 NW2d 794 (1974). The WCAB found in this case that plaintiff's stressful employment duties produced his immediate cardiac episodes and were specifically linked to his myocardial infarction by stressful acceleration of the underlying arteriosclerotic heart disease. There is evidence in the record supportive of that finding. Dr. Mozen testified that plaintiff's work activities created prolonged episodes of diminished blood flow and oxygen to the myocardium which resulted in minute heart muscle damage and accelerated or aggravated the arteriosclerotic process which resulted in a myocardial infarction in August, 1977. Although it can be argued that Member Powell's findings in dissent may more accurately reflect the testimony at trial *(i.e.,* that the arteriosclerotic process was caused by other risk factors, not work), the WCAB majority's findings, if supported by competent evidence, are binding.

Although findings of fact by the WCAB are not lightly set aside, this Court will reverse where the WCAB has operated within the wrong legal framework or has employed incorrect legal standards in reaching its decision. *Schaefer v Williamston Com-*

*munity Schools,* 117 Mich App 26; 323 NW2d 577 (1982), *lv den* 417 Mich 928 (1983).

At the time of plaintiff's injury in 1977, MCL 418.401(c); MSA 17.237(401)(c) provided that "Ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable."[2] Defendant argues that plaintiff's heart condition is such a noncompensable ordinary disease of life, relying on *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979), and *Miklik v Michigan Special Machine Co,* 415 Mich 364; 329 NW2d 713 (1982).

In *Miklik,* the claimant, who suffered from a variety of health problems, sought and received workers' compensation on the basis that stress, anxiety and other incidents of employment caused hypertension and aggravated and accelerated preexisting arteriosclerosis and rheumatic heart disease. The Supreme Court reversed the WCAB's award of benefits, holding:

"In all successful workers' compensation cases, the claimant must establish by a preponderance of the evidence both a personal injury and a relationship between the injury and the workplace. In heart cases, the first question is whether there is heart damage. The second is whether the heart damage can be linked by sufficient proof to the employment. Only if the first question is answered affirmatively need the second be asked.

"The existence of heart damage is, of course, a matter of medical proof. The factfinder in a workers' compensation case ordinarily is free to accept the most persuasive medical testimony. However, should the medical testimony advance a theory which conflicts with the law, the factfinder would be precluded from adopting that testimony.

---

[2] The statute has since been amended to provide that "heart and cardiovascular conditions * * * shall be compensable if contributed to or aggravated or accelerated by the employment in a significant manner". 1981 PA 199, effective January 1, 1982.

"In assessing heart cases, the factfinder is controlled by the syllogistic analysis of the *Kostamo* majority: The Legislature has determined that ordinary diseases of life are not compensable. Arteriosclerosis is an ordinary disease of life. Therefore, arteriosclerosis is not compensable.

"Thus, it would be an abuse of a factfinder's legal discretion to accept medical testimony that a *worker with arteriosclerosis and nothing more is a worker with compensable heart damage.* Arteriosclerosis is by legal definition an ordinary disease of life; it follows, therefore, that arteriosclerosis is *not* compensable heart damage.

"*However, even though arteriosclerosis alone does not justify compensation, neither does it bar compensation. Heart damage, such as would result from a heart attack, is compensable if linked by sufficient evidence to the workplace.* The availability or unavailability of compensation does not hinge on whether the claimant previously was in excellent health or had a health problem. *With respect to eligibility for compensation, the employee with arteriosclerosis, even though more susceptible to a heart attack, stands on equal footing with the employee who had no earlier cardiovascular difficulties.*

"The WCAB, upon remand, accepted medical testimony that Miklik's health problems were job-related, and then found them to be compensable. The board failed to follow *Kostamo's* direction that in order for there to be compensation there first must be an injury. It is impossible to turn arteriosclerosis into compensable heart damage merely by labeling it so. The board's opinion, worded in conclusory terms, ignored this premise of *Kostamo.* Testimony, at most, showed the progressive effects of arteriosclerosis, not separate heart damage." *Miklik, supra,* pp 367-369. (Emphasis added.)

We do not interpret the language of *Miklik* as barring compensation in this case. Arteriosclerosis, with nothing more, is not compensable. The Court specifically held, however, that the presence of arteriosclerosis does not bar recovery if the heart

damage is linked by sufficient evidence to the workplace.

The link between damage and workplace must be shown by connecting specific incidents or events at work with the heart damage. General conclusions of stress, anxiety, and exertion over a period of time are not sufficient. The claimant must show a reasonable relationship of cause and effect between work and the heart damage, showing that employment is a cause of the damage. In deciding whether the causal link is established, the factfinder should consider and evaluate the "discrete factors of employment which are connected to the damage" such as the time gap between the work experience and the "cardiac episodes" and whether there are hot and dusty conditions, mental stress, and repeated returns to work after "cardiac episodes". *Miklik, supra,* p 370.

As indicated, arteriosclerosis by itself is not compensable, even if caused by the employment. However, if an employee, including an employee with arteriosclerosis, sustains heart damage linked to employment factors, benefits are available. Hence, when work factors exacerbate an arteriosclerotic condition and heart damage, *e.g.,* from a heart attack, results, compensation should be awarded. Thus, the claimant is not required to demonstrate heart damage "separate and apart from" arteriosclerosis, as defendant maintains, but only that he had heart damage which was caused, in part or in whole, by the employment.

We therefore conclude that where, as here, heart damage is linked to work factors, the WCAB may appropriately order compensation, even though the employee suffered arteriosclerosis and even though the causal link between work and heart damage exists via exacerbation of the arteriosclerotic process. See *Young v Kmart Corp,* 124

Mich App 789, 794; 333 NW2d 359 (1983), *lv den* 417 Mich 1100.30 (1983).

We also disagree with defendant's argument that there were no *specific* work events or incidents linked to plaintiff's heart damage. The WCAB pointed to the testimony of plaintiff and plaintiff's foreman which showed that on numerous occasions, due to pain, plaintiff had to stop work to rest or to seek help at defendant's first aid station. The incidents and events of plaintiff's employment were not simply "generalized conclusions of stress, anxiety and exertion" which the *Miklik* Court indicated would be inadequate to show work caused the heart damage.

We conclude that the WCAB's factual finding that plaintiff's myocardial infarction resulted, in part, from work factors is supported by evidence in the record and is therefore conclusive. The WCAB did not err, as matter of law, by awarding compensation to plaintiff, who suffered from arteriosclerosis, where it found that specific work events or incidents were causally connected to plaintiff's heart damage.

Affirmed.