ACOFF v GENERAL MOTORS CORPORATION

Docket No. 88125. Submitted June 11, 1986, at Lansing. Decided August 11, 1986.

Levi Acoff, an employee of General Motors Corporation, began to feel pain in his legs, back and left armpit while at work. The pain moved to the left side of his chest. He finished work that day, a Friday, although the pain continued and increased. On Sunday, Acoff went to the emergency ward of Saginaw General Hospital. He was released from the hospital later that day and went home. On Tuesday, he returned to work, worked the entire day and went home. The following day, he saw his personal physician, who sent him to North Detroit General Hospital, where he remained for the next twenty-four days for treatment of a subendocardial myocardial infarction of the septal area and hypertension. He did not return to work until approximately eleven months later. Acoff applied for workers' compensation benefits, which a hearing referee awarded after finding that Acoff had proved a disabling heart condition related to his employment. The Workers' Compensation Appeal Board affirmed. General Motors appealed by leave granted.

The Court of Appeals *held:*

The WCAB's decision that Acoff is entitled to disability benefits must be reversed because Acoff failed to prove heart damage or any work-related injury by a preponderance of the evidence.

Reversed.

1. WORKERS' COMPENSATION — APPEAL — FINDINGS OF FACT — QUESTION OF LAW.

Findings of fact by the Workers' Compensation Appeal Board, if there is any evidence to support them, will not be disturbed on appeal in the absence of fraud; however, a decision based on an erroneous application of legal standards by the appeal board is subject to being overturned by an appellate court (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 509-518, 533, 534, 565.
See the annotations in the Index to Annotations under Worker's Compensation.

2. Workers' Compensation — Heart Attack — Standard of Proof.
An employee seeking workers' compensation benefits for a heart attack must prove, first, that heart damage was actually sustained and, second, that specific incidents or events at work contributed to the heart attack, and general conclusions of stress, anxiety, and exertion over a period of time is not sufficient; there must be enough detail about that which precipitated the heart damage to enable the fact finder to establish the legal connection by a preponderance of the evidence.

3. Workers' Compensation — Heart Attack — Standard of Proof.
The link between an employee's work and heart damage suffered by the employee need only be one of reasonable relationship of cause and effect to entitle the employee to workers' compensation benefits; other possible or probable causes need not be excluded beyond doubt, and the work need not be the sole cause of the damage; it is sufficient if the employment is a cause.

*The Law Offices of Bernard M. Freid & Associates, P.C.* (by *Debra A. Freid*), for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Scott C. Strattard*), for defendant.

Before: Beasley, P.J., and D. F. Walsh and Hood, JJ.

Per Curiam. Defendant appeals by leave granted from a decision of the Workers' Compensation Appeal Board which affirmed a decision granting plaintiff disability compensation benefits for a work-related heart condition. We reverse.

Plaintiff began working on February 17, 1969, and was forty-six years old at the time of the hearing. Plaintiff worked on an Impco machine, individually inspecting castings weighing twelve to fourteen pounds as they came out of the machine and then bending over to place them in a container called a "gons." It was not unusual for parts to back up during the process, especially if the trucker failed to replace a full gons with an empty

one. Plaintiff had performed the job for six months to one year prior to the date of his injury.

On Friday, March 28, 1980, while plaintiff was working, he began to feel pain in his legs, back and left armpit. The pain gradually moved to the left side of his chest. After working the entire day, plaintiff went home and spent the next day sitting and lying around the house. The pain continued. On Sunday, March 30, 1980, the pain increased and plaintiff went to the emergency ward of Saginaw General Hospital. He was released that day and went home, where he stayed the following day, refusing to go to work because, although somewhat eased, the pain was continuous.

On Tuesday, April 1, 1980, plaintiff returned to work. He still experienced pain, which increased gradually during the day, becoming sharper and spreading from the left side of his neck through his left armpit to the left side of his chest. He worked the entire day and went home. The pain became worse, and the next day plaintiff saw his personal physician, who sent him to North Detroit General Hospital. Plaintiff remained in the hospital for twenty-four days under treatment for the diagnosis of a subendocardial myocardial infarction of the septal area and hypertension. He did not return to work until March 3, 1981.

Plaintiff's expert witness Dr. Irving J. Kane testified by deposition that he began treating plaintiff on July 7, 1980. His report concluded that plaintiff suffered from ischemic heart disease. The electrocardiogram had shown changes indicative of "ischemia of the heart muscle, to the extent that there was a question of whether or not [plaintiff] had had what is a sub-endocardial infarction," which is a type of heart attack. However, the doctor was not certain that plaintiff had suffered such an attack. In Dr. Kane's opinion, plaintiff's

job duties "could possibly have aggravated, if not caused" his health problems.

Dr. Schucter, defendant's expert witness, stated that plaintiff's hospital records did not support a finding of myocardial infarction or heart damage. However, Dr. Schucter could not exclude the possibility that plaintiff had suffered an infarction. Based on the above evidence, the hearing officer found that "plaintiff proved a disabling heart condition related to his employment," and the WCAB affirmed.

On appeal defendant contends that plaintiff failed to prove by a preponderance of the evidence that he had suffered heart damage, or even if he did, that such damage was sufficiently linked to his place of employment as required by *Miklik v Michigan Special Machine Co,* 415 Mich 364; 329 NW2d 713 (1982). On review of a WCAB decision, findings of fact are conclusive in the absence of fraud. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861). Such findings will not be overturned if this Court finds any competent evidence to support them. *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978); *Leaveck v General Motors Corp,* 147 Mich App 781, 784; 383 NW2d 154 (1985). However, the WCAB's application of legal standards is reviewable by an appellate court. *Stover v Midwest Tank & Fabrication Co, Inc,* 87 Mich App 452, 456-457; 275 NW2d 15 (1978), lv den 406 Mich 926 (1979); *Ratliff v General Motors Corp,* 127 Mich App 410, 414; 339 NW2d 196 (1983). Therefore, the WCAB's pronouncement that plaintiff in the instant case had met his burden of proof under the applicable legal standards as set forth in *Miklik, supra,* is properly reviewable by this Court.

At the time of plaintiff's injury in 1980, MCL 418.401(c); MSA 17.237(401)(c) provided that:

Ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable.[1]

In *Miklik, supra,* the Supreme Court set forth a two-prong test for heart cases which a plaintiff must satisfy in order to be entitled to benefits. First, the plaintiff must prove heart damage. Then, as stated by the Supreme Court:

There must be a relationship proved between the damage and *specific* incidents or events at work. General conclusions of stress, anxiety, and exertion over a period of time do not satisfy this second requirement. There must be enough detail about that which precipitated the heart damage to enable the factfinder to establish the legal connection by a preponderance of the evidence.

The link between the work and the heart damage need only be one of reasonable relationship of cause and effect. Other possible or probable causes need not be excluded beyond doubt. Further, the work need not be the *sole* cause of the damage; it is sufficient if the employment is *a* cause. The factfinder must identify and evaluate the discrete factors of employment which are connected to the damage. The *Kostamo* Court [*Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979)] noted several examples which have been regarded as significant by courts and commentators: temporal proximity of the cardiac episodes to the work experience, hot and dusty conditions, repeated return to work after a cardiac episode, and mental stress. [415 Mich 370. Emphasis in original.]

In the instant case, plaintiff failed to satisfy

---

[1] MCL 418.401(c); MSA 17.237(401)(c) was amended in 1980, effective January 1, 1982. Since plaintiff's injury occurred prior to that time, that portion of that statute requiring a showing that the heart condition was "contributed to or aggravated or accelerated by the employment in a significant manner" is not applicable here. *Miklik, supra,* p 368, n 4.

either prong of the *Miklik* test. Regarding the occurrence of heart damage, Dr. Kane testified that there was a question whether plaintiff had indeed suffered an infarction. Dr. Schucter testified that his review of the hospital records failed to show electrocardiographic evidence that would support a finding of an infarction. The scintigram and the enzyme tests, which Dr. Schucter said were among the best sources of information concerning possible heart damage, also failed to confirm an infarction. Despite the fact that the doctors' testimony disputes heart damage, the WCAB quoted it as conclusive evidence in support of its finding that plaintiff experienced an infarction.

Plaintiff clearly did not satisfy the first prong of the *Miklik* test because he did not prove heart damage by a preponderance of evidence. *Aquilina, supra,* pp 210-211, 213-214. To allow a finding of heart damage based on evidence that merely raises a question that such damage might have occurred rather than on evidence that proves its occurrence, shifts the burden of proof onto the employer to disprove the injury's occurrence. Such is clearly not the law in Michigan.

Moreover, plaintiff also failed to satisfy the second prong of the *Miklik* test because he failed to prove any specific incident or event at work that resulted in an injury to him. Although a backup in parts did occur on the day plaintiff first suffered pain, he testified that such "backups" occurred all the time. The WCAB failed to note any specific incident or event at work that resulted in an injury to plaintiff. In its opinion the appeal board merely noted that "[w]hile at work [plaintiff's] symptoms worsened," and that plaintiff's "testimony relative to the worsening symptoms at his repetitive job on his last day of employment convinces us that the condition of disability was

caused or aggravated by his employment with defendant." We conclude that such a general finding that plaintiff's injury was aggravated by his employment was not predicated upon sufficient facts to enable the factfinder to establish the legal connection between the claimed heart damage and the workplace by a preponderance of the evidence. *Miklik, supra,* p 370.

The instant case is similar to *Moreno v Campbell, Wyant & Cannon Foundry,* 142 Mich App 648, 654; 369 NW2d 867 (1985), lv den 423 Mich 852 (1985), where we reversed the WCAB's award of benefits and noted that the mere occurrence of symptomatology while working, absent specific precipitating events at work, was insufficient to support a finding of compensability. Contrast that case to our just released decision in *Burns v General Motors Corp,* 151 Mich App 520; 391 NW2d 396 (1986). In *Burns,* unlike in *Moreno* and the case at bar, the WCAB specifically referred to medical testimony which considered the pressures of workplace stress as playing an aggravating role in the plaintiff's heart damage. Moreover, in *Burns,* the attack occurred at work when the plaintiff was hurrying to complete preparations for an impending inventory. The instant case, like *Moreno, supra,* is distinguishable because of the lack of evidence in the record that establishes the necessary legal connection between the alleged injury and the employment.

Accordingly, we conclude that because plaintiff has failed to prove heart damage or any work-related injury by a preponderance of the evidence, the WCAB's decision that he is entitled to disability benefits must be reversed. In light of our disposition on this question we find it unnecessary to consider plaintiff's second issue.

Reversed.