McQUEEN v GENERAL MOTORS CORPORATION

Docket No. 97814. Submitted October 22, 1987, at Lansing. Decided February 16, 1988. Leave to appeal applied for.

Plaintiff, Clark McQueen, was employed by defendant, General Motors Corporation, Saginaw Steering Gear Division, from June, 1953, to October, 1979, when he retired on the advice of his physician. He received a disability retirement pension from defendant for his heart problems. Plaintiff began experiencing chest pains in June, 1970, and medical testimony indicates that he suffered from arteriosclerotic heart disease and experienced angina pectoris. In August, 1980, plaintiff petitioned for workers' compensation benefits, alleging that strenuous physical labor and job pressure caused work-related nervous and heart conditions. A hearing referee granted plaintiff an open-benefit award of $161 per week, which the Workers' Compensation Appeal Board affirmed. Defendant appealed alleging that the WCAB erred by finding a causal connection between plaintiff's heart damage and his workplace.

The Court of Appeals held:

Even assuming that the testimony established heart damage, plaintiff failed to prove a specific link between the heart damage and his work. The WCAB relied on plaintiff's medical expert's general conclusions regarding job stress rather than on specific incidents or events to conclude that plaintiff's heart damage was linked to his workplace. Arteriosclerosis, as an ordinary disease of life, is not aggravated by the stress of work. The WCAB's conclusion that plaintiff had sustained compensable work-related heart damage is not supported by competent evidence.

The order granting an open award of benefits is reversed and the petition is dismissed.

1. WORKERS' COMPENSATION — APPEAL.

Findings of fact by the Workers' Compensation Appeal Board are

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 224 et seq.; 240 et seq.; 300, 303, 333.

See the annotations in the Index to Annotations under Worker's Compensation and Heart and Heart Disease.

conclusive, on review of a WCAB decision, absent fraud; such findings will not be overturned if the Court of Appeals finds any competent evidence to support them (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. Workers' Compensation — Work-Related Injury — Heart Damage.

In all successful workers' compensation cases, the claimant must establish by a preponderance of the evidence both a personal injury and a relationship between the injury and the workplace; in heart cases, the first question is whether there is heart damage, and the second is whether the heart damage can be linked by sufficient proof to the employment.

3. Workers' Compensation — Work-Related Injury — Heart Damage.

There must be a relationship proved between heart damage and specific incidents or events at work to satisfy the requirement in workers' compensation cases where work-related heart damage is alleged of proof of a specific link between the heart damage and work; general conclusions of stress, anxiety, and exertion over a period of time do not satisfy this requirement; there must be enough detail about that which precipitated the heart damage to enable the factfinder to establish the legal connection by a preponderance of the evidence.

4. Workers' Compensation — Ordinary Disease of Life — Arteriosclerosis.

Ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable under the Workers' Disability Compensation Act; arteriosclerosis is considered to be an ordinary disease of life (MCL 418.401[c]; MSA 17.237[401][c]).

5. Workers' Compensation — Work-Related Injury.

The term "injury" implies something more than the changes to an existing disease for purposes of determining a work-related injury under the Workers' Disability Compensation Act.

6. Workers' Compensation — Work-Related Injury — Heart Damage — Arteriosclerosis.

A worker who suffers work-related heart damage may receive workers' compensation benefits for heart damage caused or aggravated by his employment even if the worker had arteriosclerosis, which makes a person more susceptible to heart damage.

*Davidson, Breen & Doud, P.C.* (by *Richard J. Doud*), for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Michael J. Jordan* and *Scott C. Strattard*), for defendant.

Before: M. J. KELLY, P.J., and DOCTOROFF and J. T. CORDEN,* JJ.

DOCTOROFF, J. Defendant appeals by leave granted from an order of the Workers' Compensation Appeal Board granting plaintiff an open-benefit award of $161 per week. We reverse.

Plaintiff was first employed by defendant on June 25, 1953. Over the next seventeen years, he experienced no cardiac trouble or chest pains.

In June, 1970, plaintiff's job was to operate four grinder machines. This required him to reach up to conveyor belts to receive parts, two at a time, and then place the parts into sets of grinding machines. This process was repeated approximately once every sixty seconds. Approximately twenty grinding machines in the work area used an oil vapor to cool off the parts being ground. Plaintiff was continuously exposed to an atmosphere in which he breathed an oil mist.

On June 18, 1970, plaintiff was walking from the plant parking lot to begin work when he experienced a sudden onset of chest pains and loss of breath. Following a short rest, he began work. Approximately one hour later, the pains returned and plaintiff was examined by the first aid department, advised to see his family physician, and sent home. Later the same day, plaintiff was taken to the emergency room of a hospital and was subsequently admitted, remaining hospitalized for nine-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

teen days. Plaintiff was treated for "possible" myocardial infarction.

Approximately 5½ months later, plaintiff returned to his job with work restrictions that he should lift no more than twenty-five pounds and should work no more than a forty-hour week. He was in a weakened physical condition and had trouble performing his job in a satisfactory manner.

On December 11, 1972, plaintiff experienced chest pains while working on his car. Thereafter, he went to work, where the pains continued. He was sent from work by ambulance to a hospital emergency room. Plaintiff took approximately one month off from work. When he returned to his job, he had difficulty keeping up with the pace necessary to achieve production levels.

Thereafter, plaintiff continued to complain of chest pains and weakness, and in July, 1973, he took six weeks of sick leave from work. He also missed work due to his heart condition during October of 1973 and 1974, January, 1975, and July and September, 1976. In September, 1976, plaintiff was hospitalized for chest pains.

When plaintiff returned to his job, he was restricted from lifting above his shoulders. He was soon given a different job inspecting steering housings. Because he could not keep pace with the job, he was transferred to inspecting spools, components of power steering units. Plaintiff held this position for approximately three months. Although plaintiff was restricted from lifting more than ten pounds, the spools weighed in excess of this restriction. Plaintiff continued to complain of chest pains and tired frequently.

In October, 1976, plaintiff was assigned to the job of sorting honing stones which weighed a few ounces each. This was restricted, light work with

no production requirements so that plaintiff could work at his own pace. Plaintiff performed this job for three years. During this period of time, he was "farmed out" to perform other jobs.

On October 12, 1979, plaintiff retired on the advice of his personal physician. He received a disability retirement pension from defendant for his cardiac problems. On August 28, 1980, plaintiff filed a petition for workers' compensation benefits, alleging that strenuous physical labor and job pressure caused work-related nervous and heart conditions.

Following the submission of medical depositions and records, a hearing referee granted plaintiff an open award, which the WCAB affirmed on appeal.[1]

Defendant claims on appeal that the WCAB erred by finding a causal connection between plaintiff's heart damage and his workplace, because the factual findings do not contain "specific incidents" sufficient to support an award of benefits.

On review of a WCAB decision, findings of fact are conclusive absent fraud. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861). *Acoff v General Motors Corp*, 155 Mich App 184, 187; 400 NW2d 95 (1986). Such findings will not be overturned if this Court finds any competent evidence to support them. *McVey v General Motors Corp*, 160 Mich App 640, 644; 408 NW2d 408 (1987).

In *Miklik v Michigan Special Machine Co*, 415 Mich 364, 367; 329 NW2d 713 (1982), the Supreme Court articulated the following test to determine whether a compensable heart injury exists:

In all successful workers' compensation cases, the claimant must establish by a preponderance of the evidence both a personal injury and a relationship between the injury and the workplace. In

[1] Plaintiff is now deceased.

heart cases, the first question is whether there is heart damage. The second is whether the heart damage can be linked by sufficient proof to the employment.

At the time plaintiff experienced his initial chest pains MCL 418.401(c); MSA 17.237(401)(c) provided:

> Ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable.

In this case, medical testimony showed that plaintiff suffered from arteriosclerotic heart disease and experienced angina pectoris.[2] Arteriosclerosis is considered to be an ordinary disease of life:

> Thus, it would be an abuse of a factfinder's legal discretion to accept medical testimony that a worker with arteriosclerosis and nothing more is a worker with compensable heart damage. Arteriosclerosis is by legal definition an ordinary disease of life; it follows, therefore, that arteriosclerosis is *not* compensable heart damage. [Emphasis in original. *Miklik, supra,* p 368.]

However, the *Miklik* Court also held that a worker who suffers work-related heart damage may receive workers' compensation benefits for heart damage caused or aggravated by his employment even if the worker had arteriosclerosis, which makes a person more susceptible to heart damage. *Miklik, supra,* pp 368-369.

In this case, the WCAB found that the only testimony that linked plaintiff's arteriosclerosis to

---

[2] Although plaintiff's expert, Aran S. Johnson, M.D., referred to plaintiff's condition as "arteriosclerotic heart disease," defendant's expert, Sidney L. Schuchter, M.D., explained that condition as "that type of heart disease caused by coronary artery, arteriosclerosis."

his work was that of his expert, Aran S. Johnson, M.D. Dr. Johnson testified on deposition that plaintiff's work atmosphere aggravated his arteriosclerotic condition sufficiently to precipitate the 1970 "heart attack,"[3] and that his return to work thereafter also aggravated the condition. Although Dr. Johnson's opinions were based upon the premise that plaintiff had in fact sustained a heart attack, the WCAB itself found that "no actual infarcts seems [sic] to have been demonstrated."[4]

The WCAB then stated that neither *Miklik, supra,* nor *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979), actually decided that the only acceptable result of aggravation of underlying cardiovascular pathology is a myocardial infarction before a person could be compensated under the workmens' compensation act.

The WCAB relied on the testimony of Dr. Johnson in finding aggravation of the arteriosclerosis. Dr. Johnson first testified that arteriosclerosis is an ordinary disease of life and that the arteriosclerotic changes he diagnosed were not uncommon in a fifty-eight-year-old man such as plaintiff. He noted that plaintiff had several risk factors which made him predisposed to arteriosclerosis: hypertension, obesity, age, hyperlipemia, a triglyceride level almost twice that of normal, and a family history of heart disease.

---

[3] We note that Dr. Johnson testified using the general term "heart attack" without further clarification by way of medical terms such as myocardial infarction. Dr. Johnson did indicate, however, that plaintiff had had cardiac arrhythmias and attacks of angina in addition to the "heart attack."

[4] The WCAB found:

> Despite repeated references in the St. Luke's Hospital records to previous myocardial infarcts, the record established only "their possibility." No actual infarcts seems [sic] to have been demonstrated.

Dr. Johnson then stated that plaintiff's work narrowed his artery sufficiently to precipitate the heart attack and that the return to work after the heart attack further aggravated plaintiff's condition. As previously stated, the record does not indicate that plaintiff actually suffered a heart attack.

The WCAB found Dr. Johnson's testimony that plaintiff's work aggravated his condition compatible with the fact that plaintiff took three to eight nitroglycerin pills a day because of chest pain in the last weeks worked, as opposed to taking only an occasional pill at the time of trial. However, compensation is not merited just because the worker cannot work without pain. *Kostamo, supra.* Pain is an aggravation of a symptom of arteriosclerosis rather than an aggravation of the disease itself. *Weinmann v General Motors Corp,* 152 Mich App 690, 697; 394 NW2d 73 (1986), lv den 426 Mich 860 (1986). It has also been held that injury implies something more than the changes to an existing disease. *Marman v Detroit Edison Co,* 268 Mich 166, 167; 255 NW 750 (1934); *Weinmann, supra,* p 699.

In this case, since the record did not conclusively establish that plaintiff experienced a heart attack, the only testimony that would sustain the WCAB's finding of the first prong of the *Miklik* test —that plaintiff suffered heart damage—is Dr. Johnson's testimony that plaintiff's work aggravated the preexisting arteriosclerotic condition by narrowing his arteries sufficiently to precipitate the "heart attack," and that it damaged the conduction system of his heart.

Even assuming that the testimony established heart damage, plaintiff failed to fulfill the second prong of the *Miklik* test by indicating a specific link between the heart damage and his work.

There must be a relationship proved between the damage and *specific* incidents or events at work. General conclusions of stress, anxiety, and exertion over a period of time do not satisfy this second requirement. There must be enough detail about that which precipitated the heart damage to enable the factfinder to establish the legal connection by a preponderance of the evidence. [Emphasis in original. *Miklik, supra,* p 370.]

In *Kostamo, supra,* the Court noted certain factors which may suggest a causal link between heart damage and the workplace. Although Dr. Johnson mentioned some of the factors from *Kostamo,* that fact is not dispositive.[5] The WCAB relied on Dr. Johnson's general conclusions regarding job stress rather than on specific incidents or events to conclude that plaintiff's heart damage was linked to his workplace. Dr. Johnson noted the noises, the confinement within the shop, and the type of work that plaintiff was doing as helping to aggravate plaintiff's conditions. Such conclusory statements are insufficient to link any damage plaintiff may have had to the workplace.[6] We also note that arteriosclerosis, as an ordinary disease of life, is

---

[5] The *Kostamo* Court noted factors which suggest causation:

The WCAB can, with the assistance of medical experts, identify discrete factors which suggest causality. Factors which have been regarded as significant by courts and commentators were not evaluated by the WCAB. Temporal proximity of the cardiac episodes to the work experience, the hot and dusty conditions of employment, the repeated return to work after each episode and the mental stress . . . are potentially significant factors in the causal equation and were not even adverted to by the WCAB in its brief and conclusory opinion.

We do not suggest that any or all of these factors should always be, or, are here, dispositive. [*Kostamo, supra,* pp 130-131.]

[6] Cf. *Burns v General Motors Corp,* 151 Mich App 520; 391 NW2d 396 (1986) (evidence introduced at the hearing was of sufficient specificity).

not aggravated by the stress of work. *Kostamo, supra,* p 116.

We find the WCAB's conclusion that plaintiff had sustained compensable work-related heart damage to be unsupported by competent evidence.

Accordingly, we reverse the WCAB's order granting plaintiff an open award of benefits. Plaintiff's petition is dismissed.