# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 21, 2007

133418

DAVID M. TAIG,
      Plaintiff-Appellee,

v

GENERAL MOTORS CORPORATION,
      Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133418
COA: 272144
WCAC: 05-000078

On order of the Court, the application for leave to appeal the February 9, 2007 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CORRIGAN, J., dissents and states as follows:

I dissent from the order denying leave to appeal. I would remand to the Court of Appeals for consideration as on leave granted because the Workers' Compensation Appellate Commission (WCAC) improperly applied *Miklik v Michigan Special Machine Co*, 415 Mich 364 (1982), for the governing standard of review. The WCAC's application of *Miklik* ignores the correct "substantial evidence" standard of review, which includes a "qualitative and quantitative" analysis of the evidence. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691 (2000).

## I. Factual and Procedural History

The 47-year-old plaintiff worked as a repairman and assembler for defendant. Plaintiff apparently felt that he was being harassed by his supervisor, because he wrote a letter to management criticizing quality control. On his last day of work, after being notified of impending disciplinary proceedings, plaintiff locked himself in an empty office where he stabbed himself in the hand with a screwdriver.

Dr. Yatinder Singhal diagnosed plaintiff as having severe depression and anxiety and concluded that plaintiff was unable to return to work. Dr. Singhal concluded that the alleged harassment of plaintiff at work significantly contributed to his preexisting

emotional difficulties.  Dr. Michael Freedman agreed that plaintiff was unable to return to work, but concluded that plaintiff's mental problems were completely unrelated to his employment.

The magistrate held that plaintiff was disabled under *Sington v Chrysler Corp*, 467 Mich 144 (2002), and was entitled to an open award of benefits.  The magistrate did not expressly state which doctor was more credible or which doctor's testimony she was relying on, but her conclusion that events at plaintiff's work significantly aggravated plaintiff's preexisting emotional problems indicates that the magistrate relied on Dr. Singhal's testimony.

The WCAC affirmed in a split opinion.  The majority stated that the case involved a credibility contest between the doctors and that the magistrate had to choose which doctor to believe.  The majority held that although the magistrate did not directly state why she relied on Dr. Singhal's testimony, she had a "reasonable basis" for doing so. The Court of Appeals thereafter denied the defendant employer's application for leave to appeal.

## II.  Analysis

Defendant correctly argues that the WCAC majority erred as a matter of law when it used *Miklik*[1] to describe the standard of review of the magistrate's factual findings. While relying on *Miklik*, the WCAC majority merely cited *Mudel, supra* at 698-699, in which this Court held that the WCAC reviews the magistrate's findings of fact to determine if they are supported by competent, material, and substantial evidence on the whole record.  "Substantial evidence" means such evidence as a reasonable mind will accept as adequate to justify the conclusion.  *Id.* at 699, citing MCL 418.861a(3).  This review must, according to MCL 418.861a(13), include both a "qualitative and quantitative analysis" of the evidence.  In other words, the WCAC need not necessarily defer to all of the magistrate's findings of fact.  *Mudel, supra* at 703.  The WCAC has certain fact-finding powers that permit it in some circumstances to substitute its own findings of fact for those of the magistrate if the WCAC accords different weight to the quality or quantity of evidence presented.  *Id.* at 699-700.

Although the WCAC's citations of *Mudel* were correct, the WCAC then made the following questionable statement in the standard of review section:  "Ultimately, the analysis comes down to which doctor the magistrate chose to believe and, as long as there is a reasonable basis for the choice that she did make, *Miklik v Michigan Special Machine*

---

[1]  In *Miklik, supra* at 367-368, this Court held:  "The factfinder in a workers' compensation case ordinarily is free to accept the most persuasive medical testimony. However, should the medical testimony advance a theory which conflicts with the law, the factfinder would be precluded from adopting that testimony."

*Co*, 415 Mich 364, 367-368 (1982), the inquiry is at an end." In applying the standard of review to the facts, the WCAC apparently relied on this "reasonable basis" standard when it stated *three times* that the magistrate's findings were "reasonable." The WCAC concluded that because there was a "reasonable basis" for the magistrate's findings, there was competent, material, and substantial evidence on the whole record to support the magistrate's decision.[2]

I question the WCAC's application of *Miklik*. First, *Miklik* was decided before the WCAC was even created. Thus, the *Miklik* Court was necessarily working under a different standard of review. Second, the WCAC's standard of review was later clarified in *Mudel*. *Mudel* does not instruct the WCAC to affirm the magistrate's factual findings when there is merely a "reasonable basis" for those findings. Under *Mudel*, the WCAC need not defer to the magistrate's findings, but has the authority and obligation to engage in a qualitative and quantitative analysis to determine whether to affirm those findings. Rather than engaging in a qualitative and quantitative review, the WCAC held that because there was a "reasonable basis" for the magistrate's decision, "the inquiry is at an end." By doing so, the WCAC effectively ignored the *Mudel* standards and misapplied an outdated standard purportedly based on *Miklik*. I would remand to the Court of Appeals for consideration as on leave granted to apply the correct standard of review or to direct the WCAC to do so.

---

[2] This is not the first time the WCAC has relied on *Miklik* for this proposition. See, e.g., *Lee v ACE Hardware & Lumber/MRHA-SIWCF*, 1993 Mich ACO 585, p 2 ("It is well within the Magistrate's discretion to accept the medical testimony he finds most persuasive and as long as there is a reasonable basis for his findings, . . . we will not displace them. *Miklik* v *Michigan Special Machine Co*, 415 Mich 364 (1982) . . . ."; *Weible v Bra Con Industries, Inc*, 1998 Mich ACO 357, p 6 ("[W]e recognize that the magistrate is free to select the medical testimony he finds most persuasive, when, as here, there is a reasonable basis for his choice. *Miklik, supra*, p 367.").



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 21, 2007

_____
Clerk

t0918