BROWN v GENERAL MOTORS CORPORATION

Docket No. 98847. Submitted April 8, 1988, at Detroit. Decided August 31, 1988. Leave to appeal applied for.

Guy J. Brown was employed by General Motors Corporation, Truck & Coach Division, from 1975 until 1980 when he left work due to aortic stenosis, a heart condition resulting from his congenitally defective aortic valve. Brown filed with the Bureau of Workers' Disability Compensation a petition seeking workers' compensation benefits, which the Workers' Compensation Appeal Board eventually granted. Defendant employer sought and was granted leave to appeal in the Court of Appeals.

The Court of Appeals *held:*

An employee seeking workers' compensation benefits for a heart condition must prove, first, that heart damage was actually sustained and, second, that specific incidents or events at work contributed to his heart condition. General conclusions of stress, anxiety and exertion over a period of time are not sufficient. There must be enough detail about that which precipitated the heart damage to enable the factfinder to establish the legal connection by a preponderance of the evidence. In this case, plaintiff did not present evidence of damage to his heart, much less evidence linking the damage to his workplace.

Reversed.

1. WORKERS' COMPENSATION — APPEAL — FINDINGS OF FACT — QUESTIONS OF LAW.

Findings of fact by the Workers' Compensation Appeal Board, if supported by competent evidence, will not be disturbed on appeal in the absence of fraud; however, the appeal board's application of legal standards, if erroneous, may be reversed on appeal (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — HEART DAMAGE — AORTIC STENOSIS — BURDEN OF PROOF.

An employee seeking workers' compensation benefits for aortic

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 240 *et seq.,* 549 *et seq.*

Sufficiency of proof that cardiovascular or respiratory condition resulted from accident or incident in suit rather than from preexisting condition. 2 ALR3d 401.

stenosis must prove, first, that heart damage was actually sustained and, second, that specific incidents or events at work contributed to his heart condition, and general conclusions of stress, anxiety, and exertion over a period of time are not sufficient; there must be enough detail about that which precipitated the heart damage to enable the factfinder to establish the legal connection by a preponderance of the evidence.

*Flynn & Wendzel, P.C.* (by *Daniel M. Bridges*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Jonathan T. Kopit*), for defendant.

Before: HOLBROOK, JR., P.J., and MACKENZIE and N. A. BAGULEY,* JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the Workers' Compensation Appeal Board granting benefits to plaintiff. We reverse.

From 1975 to 1980, plaintiff worked for defendant as a metal finisher whose job was to repair minor damage to vehicle fenders weighing up to twenty-five to thirty pounds. The fenders were brought to him in racks with railings weighing between thirty and fifty pounds. Plaintiff would lift (or sometimes pry) the rails approximately 1½ feet to get to the fenders, remove the fenders, work on them if needed, and put them aside on the floor. Plaintiff would work on 2½ to 5 racks per day.

On February 26, 1980, plaintiff left work due to a heart condition known as aortic stenosis resulting from a congenitally defective aortic valve. Plaintiff's witness, Dr. Isaac Schaver, testified that it is a characteristic of aortic stenosis to be symptomless until middle age. Heavy physical labor,

* Circuit judge, sitting on the Court of Appeals by assignment.

especially of the isometric type, may precipitate symptoms and aggravate the condition by causing a change in blood pressure, which in turn causes the left chamber of the heart to work harder and the heart to enlarge to make up for the change. Schaver found plaintiff's coronary arteries were normal and there was no pathology other than the defective valve. Plaintiff's resting electrocardiogram was within normal limits. His chest x-ray showed a normal-sized heart with no evidence of left ventricular enlargement. Schaver stated that plaintiff should not return to his job or any other job entailing physical strain since heavy labor would tend to exacerbate or accelerate aortic stenosis by causing an increased workload on the heart. He did not explain why plaintiff's heart was not enlarged.

Dr. Joseph M. Kopmeyer examined plaintiff at the request of defendant. Kopmeyer also found that plaintiff's heart was not enlarged; x-rays showed that plaintiff's cardiovascular silhouette was not unusual in size or configuration. Kopmeyer stated that plaintiff's aortic stenosis was unrelated to his occupation either by cause or aggravation. Kopmeyer did not think physical activity would have any effect on plaintiff's valvular deformity. This was because the dominant factors in the worsening of valvular function are the initial degree of deformity and the process of aging.

The WCAB held:

> Dr. Schaver testified that physical activity could aggravate not only the symptoms of plaintiff's condition, but also the underlying condition itself. Even Dr. Kopmeyer acknowledged that certain types of exertion could cause an increase in symptomatology, including the chest pain.

> Accordingly, we find that plaintiff has proven by

a preponderance of the evidence, *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978), that he has a continuing total disability based on his February 26, 1980, last day worked.

On review of a WCAB decision, findings of fact are conclusive in the absence of fraud. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861). Such findings will not be overturned if this Court finds any competent evidence to support them. *Aquilina, supra,* p 213. However, the WCAB's application of legal standards, if erroneous, is subject to reversal by an appellate court. *Stover v Midwest Tank & Fabrication Co, Inc,* 87 Mich App 452, 456-457; 275 NW2d 15 (1978), lv den 406 Mich 926 (1979). The WCAB's decision that plaintiff met his burden of proof under the applicable legal standards as set forth in *Miklik v Michigan Special Machine* Co, 415 Mich 364; 329 NW2d 713 (1982), is thus properly reviewable by this Court. *Acoff v General Motors Corp,* 155 Mich App 184, 187; 400 NW2d 95 (1986).

At the time of plaintiff's injury, the pertinent section of MCL 418.401(c); MSA 17.237(401)(c) provided that ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979), suggests that an ordinary disease of life is a condition which is not caused by work or aggravated by stress of work. In this case, it was undisputed that plaintiff's valve defect was not caused by work; it was congenital. Nor is there any evidence that the valve defect itself worsened or was aggravated by plaintiff's work. However, even though plaintiff's aortic stenosis alone does not justify compensation, neither does it bar compensation. See *Miklik, supra,* p 368. Heart damage,

such as would result from a heart attack, is compensable if linked by sufficient evidence to the workplace. *Id.*

In *Miklik,* the Supreme Court set forth a two-pronged test which a plaintiff must satisfy in order to be entitled to benefits. The Court stated:

> In heart cases, the first question is whether there is heart damage. The second is whether the heart damage can be linked by sufficient proof to the employment. Only if the first question is answered affirmatively need the second be asked. [*Miklik, supra,* p 367.]

It is impossible to turn an ordinary disease of life into compensable heart damage merely by labeling it so. *Miklik, supra,* p 369. To allow a finding of heart damage based on evidence that merely raises a question that such damage might have occurred rather than on evidence that proves its occurrence is clearly not the law in Michigan. *Acoff, supra,* p 189.

We conclude that plaintiff failed to satisfy the *Miklik* standard. It is characteristic of aortic stenosis to be symptomless until middle age, when angina, congestive heart failure, or fainting may occur. Heavy physical labor may precipitate symptoms since the stenosis diminishes the passage of blood from the heart, but this would usually result in enlargement of the heart. Both doctors found that there was no enlargement of plaintiff's heart. Plaintiff did not suffer a heart attack. The only symptomatology noted by the WCAB was plaintiff's lowered blood pressure and a systolic murmur of 3-4. Plaintiff's medical expert's testimony showed the progressive effects of aortic stenosis, not separate damage. As in *Miklik,* it is impossible to turn aortic stenosis into compensable heart damage merely by labeling it so. Some damage to the

heart, such as enlargement or the damage result-ing from a heart attack, must be shown. *Miklik, supra,* p 369. Therefore, plaintiff has not satisfied the first prong of the *Miklik* test.

Even if there were adequate support for a find-ing of heart damage, plaintiff has not shown by a preponderance of the evidence specific incidents and events at work which could reasonably be construed as sufficiently linking the damage and the workplace, as required by the second prong of the *Miklik* test. The fact that the plaintiff experi-enced chest pains while working is not sufficient. See *Acoff, supra.* The plaintiff must show specific incidents and events at work which could reason-ably be construed as precipitating the plaintiff's heart condition. *McVey v General Motors Corp,* 160 Mich App 640, 645-646; 408 NW2d 408 (1987). General conclusions of stress, anxiety, and exer-tion over a period of time do not satisfy the second requirement. There must be enough detail about that which precipitated the heart damage to ena-ble the factfinder to establish the legal connection by a preponderance of the evidence. The factfinder must identify and evaluate the discrete factors of employment which are connected to the damage. *Miklik, supra,* p 370.

In this case, while plaintiff may have proven that his work was both stressful and physically strenuous, he has failed to prove any specific inci-dent or event at work which resulted in an injury to him. Plaintiff has shown the mere occurrence of symptomatology at work and has failed to show specific precipitating events at work. The WCAB's conclusion that plaintiff has shown a work-related heart condition is not supported by competent evidence. Accordingly, we reverse the WCAB's deci-sion that plaintiff is entitled to disability benefits.

Reversed.