BARBARA POSPISIL'S CASE.

Suffolk.  May 3, 1988. — July 12, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Workmen's Compensation Act*, Findings by administrative judge, Appeal, Procedure. *Statute*, Retroactive effect.

General Laws c. 152, § 11C, inserted by St. 1985, c. 572, § 25, which limited the scope of administrative review of decisions of single members of the Industrial Accident Board was a procedural amendment within the meaning of G. L. c. 152, § 2A, and is therefore to be applied retrospectively. [822-823]

APPEAL from a decision of the Industrial Accident Reviewing Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John T. Foynes* for the employee.

*Norman P. Beane, Jr.* (*William E. Gately, Jr.*, with him) for the employer.

HENNESSEY, C.J. This case involves the propriety of the Industrial Accident Reviewing Board's retroactive application of St. 1985, c. 572, § 25 (codified at G. L. c. 152, § 11C [1986 ed.]) (§ 11C). This provision replaced former G. L. c. 152, § 10, and limits the reviewing board's ability to overturn a decision of a member of the Industrial Accident Board to instances where the decision "is beyond the scope of his authority, arbitrary or capricious, contrary to law, or unwarranted by the facts." Section 11C also provides that "[t]he reviewing board may weigh evidence, but may not review determinations by the member who conducted the hearing regarding the credibility of witnesses who have given testimony." [1] Section 11C

[1] Under former c. 152, § 10, the reviewing board could entirely supersede the single member's decision. *Haley's Case,* 356 Mass. 678, 679 (1970). Former c. 152, § 10, provided, in pertinent part, that "the reviewing board

became effective on November 1, 1986. See St. 1985, c. 572, § 70.

The employee sought recovery for an injury occurring on August 26, 1982. Proceedings were held before two separate single members of the Industrial Accident Board in accordance with former c. 152, § 7 (conference), and former c. 152, § 8 (hearing).[2] Both members ruled in favor of the employee. The employer, as self-insurer, filed an appeal with the reviewing board pursuant to former c. 152, § 10, on January 23, 1985. The reviewing board heard the appeal after the effective date of § 11C, and issued its decision on April 15, 1987. The reviewing board refused the employer's request that it "discount the employee's explanation of her injury." The reviewing board concluded that § 11C, which forbids board reassessment of witness credibility, was a procedural amendment to c. 152 within the meaning of c. 152, § 2A (1986 ed.), and therefore § 11C should be applied retroactively. The reviewing board applied the § 11C standard of review, i.e., the decision must be upheld unless "beyond the scope of his authority, arbitrary or capricious, contrary to law, or unwarranted by the facts," rather than the broader standard of review contained in former § 10, note 1, *supra*, and upheld the employee's award. The employer sought review in the Appeals Court, and we transferred the case to this court on our own motion.

The reviewing board did not err in applying § 11C. Chapter 152, § 2A, provides as follows: "Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which increases the amount or amounts of compensation payable to an injured employee or his dependents shall, for the purposes of this chapter, be deemed to be substantive in character and shall apply only to personal injuries occurring on and after the effective date of such act,

---

shall hear the parties, and may hear evidence in regard to pertinent matters and may revise the decision in whole or in part, or may refer the matter back to the member for further findings of fact."

[2] Under G. L. c. 23E, § 4 (1986 ed.), single members now are denominated administrative judges.

unless otherwise expressly provided. Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which is not deemed to be substantive in character within the meaning of this section shall be deemed to be procedural or remedial only, in character, and shall have application to personal injuries irrespective of the date of their occurrence, unless otherwise expressly provided."

The employer argues that, without regard to whether § 11C increases compensation payable to claimants, § 11C takes away its "substantive right . . . of having the credibility determination of the single member reviewed by the three person reviewing board," and therefore, it should be applied prospectively only. The employer's approach would be proper with some "amendments" within the meaning of § 2A. See *Price* v. *Railway Express Agency, Inc.*, 322 Mass. 476, 482-485 (1948). However, § 11C is not such an amendment. Despite the employer's characterization, § 11C concerns the purely procedural questions of what standard of review will be applied by the reviewing board, and what latitude the reviewing board possesses in reviewing the record generated in the initial proceedings. Section 11C has no impact on the merits questions involved in determining the amount of compensation or the parties' substantive rights to receive or not to pay compensation. See *Goodwin Bros. Leasing* v. *Nousis*, 373 Mass. 169, 172-173 (1977).

Section 11C is, under § 2A, procedural and to be applied retroactively. We add that, even if the special definition contained in § 2A did not exist, § 11C, as a procedural statute, might well be applied retroactively in accordance with general rules of construction. *Id.* Such retroactive application would be proper where, as here, the reviewing board held its hearing and issued its decision after the effective date of § 11C, even though the injury and the proceedings before the single member occurred prior to that date. See *id.*; *Goes* v. *Feldman*, 8 Mass. App. Ct. 84, 88 (1979), citing *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 628 (1974).

The employer's additional argument that the Legislature "otherwise expressly provided," see c. 152, § 2A, that § 11C should be applied prospectively is without merit. Nothing in § 11C expressly provides that that section is to be considered substantive for purposes of § 2A. The Legislature explicitly has made such designations regarding other sections of c. 152. See, e.g., St. 1985, c. 572, § 65. Given this legislative action, we will not, as urged by the employer, read an "express" provision by implication in § 11C. See *School Comm. of Brockton* v. *Teachers' Retirement Bd.*, 393 Mass. 256, 263 (1984), quoting *Beeler* v. *Downey*, 387 Mass. 609, 616 (1982).

The decision of the reviewing board is affirmed. Costs to the employee are to be determined by a single justice of this court under G. L. c. 152, § 12A (1986 ed.).

*So ordered.*