FARRINGTON v TOTAL PETROLEUM, INC

Docket No. 113332. Submitted March 13, 1990, at Lansing. Decided
May 7, 1991, at 10:50 A.M. Leave to appeal sought.

Richard Farrington was awarded workers' compensation benefits
for a closed period after a workers' compensation magistrate
made findings of fact that Farrington had preexisting coronary
artery disease, that the disease was aggravated by his work to
the point of the onset of symptoms of the disease, and that the
plaintiff's work activities were causally related to his subse-
quent heart attack. The employer, Total Petroleum, Inc., ap-
pealed, and the Workers' Compensation Appellate Commission
affirmed. The employer and its workers' compensation insurer,
Hartford Insurance Company, appealed, alleging that the WCAC
applied wrong legal standards in reviewing the findings of the
magistrate and in determining that the plaintiff's heart attack
was work-related.

The Court of Appeals *held:*

1. The operative event for determining under MCL 418.861a;
MSA 17.237(861a) the standard by which the WCAC is required
to review a magistrate's findings, i.e., whether the findings are
supported by substantial evidence on the whole record or by a
preponderence of the evidence on the whole record, is the date
on which a claim for review invoking the WCAC's jurisdiction is
filed, which in this case was after October 1, 1986. Therefore,
the WCAC majority in this case correctly applied the standard
requiring the magistrate's findings of fact to be considered
conclusive if supported by competent, material, and substantial
evidence on the whole record.

2. The WCAC applied the proper standard in determining that
the plaintiff's heart attack was work-related. Where an employ-
ee's work, coupled with a preexisting condition, in fact causes
an injury, compensation is due without reference to whether
factors of employment were a significant cause of the injury.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 300, 333, 613, 615, 630,
631, 634.

See the Index to Annotations under Heart and Heart Disease;
Workers' Compensation.

Benefits were awarded to the plaintiff on the basis that his underlying disease, coupled with his work, in fact caused an injury to his heart. The requirements regarding the appropriate analysis relative to a determination concerning the requisite link between the claimant's heart damage and his employment were satisfied.

Affirmed.

1. Workers' Compensation — Appellate Commission — Magistrate's Findings — Standard of Review.

The operative event for determining the standard by which the Workers' Compensation Appellate Commission is required to review a magistrate's findings of fact is the date on which the claim for review invoking the wcac's jurisdiction is filed; claims filed before October 1, 1986, are reviewed under the standard that the findings of fact are conclusive if supported by competent, material, and a preponderance of the evidence on the whole record; claims filed after October 1, 1986, are subject to the standard that the findings are conclusive if supported by competent, material, and substantial evidence on the whole record (MCL 418.861a; MSA 17.237[861a]).

2. Workers' Compensation — Appellate Commission — Work-Related Injury.

Workers' compensation benefits are due without reference to whether factors of employment were a significant cause of an employee's injury where the employment, coupled with a preexisting condition, in fact causes the injury; the factors of employment need be a significant cause of the injury only where the employment accelerated or aggravated the disease or condition, and thus contributed to it (MCL 418.401; MSA 17.237[401]).

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Angela J. Nicita* and *Douglas Merrow*), for the plaintiff.

*Ryan, Jamieson, Hubbell & Morris* (by *Christopher D. Morris*), for the defendants.

Before: Hood, P.J., and Maher and Cynar, JJ.

Per Curiam. Defendant Total Petroleum, Inc., and its workers' compensation insurer, Hartford Insurance Company, appeal by leave granted from

a November 21, 1988, decision of the Workers' Compensation Appellate Commission, which affirmed a magistrate's award of benefits to plaintiff for a period of disability following a heart attack.

The workers' compensation magistrate awarded plaintiff benefits at the rate of $284.72 a week for a closed period between February 27, 1986, and April 21, 1986, finding as fact that plaintiff had a preexisting coronary artery disease, that this disease was aggravated by work to the point of onset of symptoms of the disease, and that plaintiff's work activities were causally related to his subsequent heart attack.

The pertinent facts are as follows. Plaintiff was employed as the manager at defendant's self-service gas station in Comstock, Michigan. His duties included scheduling, payroll, inventory control, and minor maintenance activities such as stocking shelves and soda pop coolers and shoveling snow in areas where the station's snow plow could not reach. On February 25, 1986, at about 6:15 A.M., plaintiff experienced chest pains, dizziness, and shortness of breath while carrying cases of soda pop weighing approximately thirty pounds in order to refill the pop coolers at the station. The forty-nine-year-old plaintiff had no history of cardiac problems before that time. When the chest pains started, plaintiff stopped his work and rested for a while. The chest pains stopped after thirty to forty minutes, but plaintiff continued to have a little discomfort in his chest and felt tired. Plaintiff continued to wait on customers at the service station, but went home an hour early at 12:30 or 1:00 P.M.

The following morning, plaintiff returned to work. Around 11:00 A.M., plaintiff went outside to shovel snow and experienced severe chest pain with dizziness and sweating after shoveling for

about fifteen minutes. Plaintiff took the remainder of the day off.

On the following day, February 27, 1986, plaintiff returned to work. At approximately 6:00 A.M., he again experienced chest pain when loading soda pop into the coolers. Plaintiff continued to wait on customers until approximately 9:00 or 9:30 A.M., when he left to be examined by his family doctor. Plaintiff was subsequently admitted to a hospital and treated by Dr. Zegerius.

Upon admission to the hospital, plaintiff was diagnosed as having unstable angina. Although it was first thought that plaintiff had suffered a heart attack, Dr. Zegerius testified that plaintiff's initial EKGs did not show evidence of a definite myocardial infarction. Also, plaintiff's initial blood enzyme tests indicated no damage to plaintiff's heart muscle at the time of admission. However, plaintiff continued to experience chest pain and remained in the hospital for further cardiac evaluation.

Dr. Zegerius testified that, although plaintiff's condition was initially stabilized with oxygen and nitroglycerin treatments, the condition again became unstable during plaintiff's stay at the hospital. On February 28, 1986, the day following admission, plaintiff was given a treadmill test at the hospital for about two minutes, until he began to experience tightness in his chest.

On March 1, 1986, plaintiff suffered a myocardial infarction at approximately 10:00 A.M., following a sponge bath. He then underwent successful percutaneous balloon angioplasty. According to Dr. Zegerius, an EKG showed actual damage to the tissues of plaintiff's heart following the March 1 infarction.

Plaintiff was discharged from the hospital on March 8, 1986. Plaintiff returned to work on April

21, 1986, and, on the date of the hearing, had not missed any more work on account of his heart condition.

In a two to one decision, the WCAC affirmed the decision of the magistrate, concluding that the magistrate's findings were supported by competent, material, and substantial evidence on the whole record. The dissent, while agreeing that the magistrate's findings were supported by substantial evidence on the whole record, opined that the applicable standard of review required that the magistrate's findings be supported by a *preponderance* of the evidence. Under the preponderance standard, the dissent concluded that plaintiff failed to establish that his heart attack was work-related. Defendant and its insurer filed an application for leave to appeal in this Court, and leave was granted.

On appeal, the findings of fact made by the WCAC acting within its powers, in the absence of fraud, are conclusive; however, questions of law involved with any final order of the WCAC may be reviewed by this Court. MCL 418.861a(14); MSA 17.237(861a)(14).

On appeal, defendant contends that the WCAC utilized improper legal standards. First, agreeing with the WCAC's dissent, defendant argues that the WCAC applied the incorrect standard for reviewing the magistrate's findings. Second, defendant claims that the WCAC applied the wrong legal standard in determining whether plaintiff's heart attack was work-related.

I

Regarding the standard by which the WCAC is required to review the findings of the workers'

compensation magistrate, MCL 418.861a; MSA 17.237(861a) provides in pertinent part:

> (1) Any matter for which a claim for review under section 859a has been filed shall be heard and decided by the appellate commission.
>
> (2) Until October 1, 1986 findings of fact made by a worker's compensation magistrate shall be considered conclusive by the commission if supported by competent, material, and a *preponderance* of the evidence on the whole record.
>
> (3) Beginning October 1, 1986 findings of fact made by a worker's compensation magistrate shall be considered conclusive by the commission if supported by competent, material, and *substantial* evidence on the whole record. As used in this subsection, "substantial evidence" means such evidence, considering the whole record, as a reasonable mind will accept as adequate to justify the conclusion. [Emphasis added.]

Defendant contends that the WCAC dissent was correct in concluding that the determinative event in deciding whether a given case falls within the pre-October 1, 1986, period is the date on which the initial application for hearing is filed, which in this case was September 19, 1986. We disagree.

While the filing of an initial application for hearing invokes the jurisdiction of a workers' compensation magistrate, see MCL 418.206 and 418.847; MSA 17.237(206) and 17.237(847), it is the filing of a claim for review that invokes the jurisdiction of the WCAC. See MCL 418.859a(1); MSA 17.237(859a)(1). Subsections 861a(2) and (3) both govern the standard by which the WCAC is to review a magistrate's decision; they do not govern the standard relating to a claimant's burden of proof before the magistrate. Accordingly, because §§ 861a(2) and (3) relate only to the WCAC's standard of review, we conclude that the operative

event for determining which standard to apply is the date on which a claim for review invoking the WCAC's jurisdiction is filed, which in this case was after October 1, 1986.

We believe our conclusion is supported by the context in which the relevant statutory provisions appear. Section 861a starts out by first indicating in subsection 1 that the commission's power to hear and decide a case extends only to those matters for which a claim for review *has been filed.* The remaining subsections then purport to clarify how this power is to be exercised. Thus, until a claim for review *has been filed,* the provisions of §§ 861a(2)-(14) are neither relevant nor operative. Moreover, a plain reading of the actual language used in §§ 861a(2) and (3) fails to suggest that the determinative event in deciding which standard of review to apply is the date on which the initial application for hearing was filed. Had this in fact been the intent of the Legislature, such intent could have easily been specified through appropriate language.

While the WCAC dissent argues that it would be unreasonable to construe the October 1, 1986, date as referring to the date on which a claim for review was filed, because no magistrate or commissioner had in fact been appointed as of October 1, 1986, this situation does not appear to have been contemplated by the Legislature in that, under MCL 418.274(1); MSA 17.237(274)(1), the Governor was required to appoint the initial members of the WCAC not later than January 1, 1986.

We conclude, therefore, that because defendant filed its claim for review after October 1, 1986, the WCAC properly determined that the appropriate standard for reviewing the magistrate's findings is the standard set forth in § 861a(3).

II

Finally, defendant argues that the WCAC applied the wrong legal standard in determining that plaintiff's heart attack was work-related. We disagree.

Before 1982, an employee's entitlement to compensation in heart cases was a matter of case law, with the leading case on the subject being *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 116; 274 NW2d 411 (1979), in which the Court held:

> The workers' compensation law does not provide compensation for a person afflicted by an illness or disease not caused or aggravated by his work or working conditions. Nor is a different result required because debility has progressed to the point where the worker cannot work without pain or injury. Accordingly, compensation cannot be awarded because the worker may suffer heart damage which would be work-related if he continued to work. *Unless the work has accelerated or aggravated the illness, disease or deterioration and, thus, contributed to it, or the work, coupled with the illness, disease or deterioration, in fact causes an injury, compensation is not payable.* [Emphasis added.]

Under *Kostamo,* therefore, an employee with an ordinary disease or preexisting condition was not entitled to compensation unless he could show that either:

> (1) the work accelerated or aggravated the disease or condition, and thus contributed to it; *or*
> (2) the work, coupled with the disease, in fact caused an injury.

Also see *Weinmann v General Motors Corp,* 152 Mich App 690, 696-697; 394 NW2d 73 (1986).

In 1980, after the *Kostamo* decision, the Legislature amended MCL 418.401; MSA 17.237(401), effective January 1, 1982, by adding the following language to the "personal injury" definition of that section:

> Mental disabilities and conditions of the aging process, including but not limited to heart and cardiovascular conditions, shall be compensable if contributed to or aggravated or accelerated by the employment in a *significant* manner. [Section 401(2)(b). Emphasis added.]

Pursuant to the emphasized language, defendant contends the WCAC was required to determine whether factors of plaintiff's employment were a "significant" cause of his heart attack. We disagree.

As noted above, *Kostamo* distinguished between entitlement to compensation on the basis of work-related aggravation of a disease or illness to the point of disability (first prong) and entitlement to compensation on the basis of the occurrence of an actual injury (second prong). In other words, while work-related aggravation of a preexisting condition had to be shown in order to recover under the first prong, no such showing was required in order to recover under the second prong, where an injury in fact occurs. As *Kostamo* recognized, a claimant is entitled to compensation under the second prong where a disease or illness, although not aggravated by work, nevertheless coupled with the work, leads to actual heart damage. *Kostamo* states at 116:

> Arteriosclerosis is an ordinary disease of life which is not caused by work or aggravated by the

stress of work. However, stress that would not adversely affect a person who does not have arteriosclerosis may cause a person who has that disease to have a heart attack.

In essence, therefore, the amendment of § 401(2)(b) affected only the first prong of the *Kostamo* standard by adding the words "in a significant manner" to it, ostensibly to make the requirements for compensability of heart and cardiovascular conditions more stringent. See *Lambard v Saga Food Service, Inc,* 127 Mich App 262, 271-272; 338 NW2d 207 (1983). However, the second prong of the *Kostamo* standard was not affected by the amendatory language. Thus, where an employee's work, coupled with a preexisting condition, in fact causes an injury, compensation is due without reference to whether factors of employment were a significant cause of the injury. The WCAC has recognized and applied this distinction in its own decisions. See *Mulka v Providence Hosp,* 1988 WCACO 27.

In this case, the WCAC determined that plaintiff suffered from coronary artery disease. However, the WCAC did not award plaintiff benefits on the basis that he had become disabled as a result of work-related aggravation of this disease. Rather, benefits were awarded under the second prong in *Kostamo,* on the basis that plaintiff's underlying disease, coupled with his work, in fact caused an injury to his heart. The WCAC stated:

It is agreed by both physicians who testified in this case that plaintiff suffered an infarction, or injury to the heart, an event which renders it unnecessary for us to address the question of the effect of [MCL 418.401(2)(b); MSA 17.237(401)(2)(b)] on plaintiff's claim.

Accordingly, because benefits were awarded pur-

suant to the second prong in *Kostamo,* we conclude that the WCAC properly determined that it was not required to employ the "significant manner" language of § 401(2)(b). Rather, it was only necessary to determine whether plaintiff's heart damage was linked to his employment. *Miklik v Michigan Special Machine Co,* 415 Mich 364, 367; 329 NW2d 713 (1982). With respect to such a determination, *Miklik* states at 370:

> There must be a relationship proved between the damage and *specific* incidents or events at work. General conclusions of stress, anxiety, and exertion over a period of time do not satisfy this second requirement. There must be enough detail about that which precipitated the heart damage to enable the factfinder to establish the legal connection by a preponderance of the evidence.
>
> The link between the work and the heart damage need only be one of reasonable relationship of cause and effect. Other possible or probable causes need not be excluded beyond doubt. Further, the work need not be the *sole* cause of the damage; it is sufficient if the employment is *a* cause. [Emphasis in the original.]

In this case, plaintiff identified several specific incidents or events at work that accompanied the onset of his symptoms (i.e., carrying cases of pop, shoveling snow). Regarding these incidents, Dr. Zegerius testified that plaintiff's "unstable angina was precipitated by heavy exertion at work and that this was a major contributing factor to his unstable angina syndrome, and the eventual myocardial infarction." Relying on this and other evidence, the WCAC found that the testimony clearly detailed the stress of the workplace and the relationship of specific incidents of stress to the unstable angina and the ultimate heart attack. We

conclude, therefore, that the requirements of *Mik-lik,* regarding the appropriate analysis relative to a determination concerning the requisite link between a claimant's heart damage and his employment, were satisfied.

Accordingly, because an error of law has not been shown, the decision of the WCAC is affirmed. MCL 418.861a(14); MSA 17.237(861a)(14).

Affirmed.