MAKKY v GENERAL DYNAMICS LAND SYSTEMS, INC

RIMSA v S & S MASONRY, INC

Docket Nos. 128518, 129134. Submitted January 16, 1992, at Lansing. Decided May 4, 1992, at 9:30 A.M.

Ahmed M. Makky, an employee of General Dynamics Land Systems, Inc., and Raymond Rimsa, an employee of S & S Masonry, Inc., suffered heart attacks while working for their respective employers. A magistrate of the Bureau of Workers' Disability Compensation awarded benefits to Makky. The Workers' Compensation Appellate Commission affirmed. Another magistrate denied benefits to Rimsa, but the commission reversed that decision and awarded benefits. The employers, along with S & S Masonry's workers' compensation insurer, appealed, claiming that in both cases the commission used an improper standard in determining the compensability of heart-related disabilities. The appeals were consolidated.

The Court of Appeals *held:*

MCL 418.401(2)(b); MSA 17.237(401)(2)(b) provides in part that mental disabilities and conditions of the aging process, including heart and cardiovascular conditions, are compensable if contributed to or aggravated or accelerated by the employment in a significant manner. Previsouly, *Kostamo v Marquette Iron Mining Co,* 405 Mich 105 (1979), had held that an employee with an ordinary disease of life or preexisting condition was not entitled to compensation unless it could be shown either that the work accelerated or aggravated the disease or condition, and thus contributed to it, or the work, coupled with the disease, in fact caused the injury. It would be consistent with the legislative intent underlying § 401(2)(b), making the requirements for compensation in heart and cardiovascular cases more stringent, to hold that the enactment of § 401(2)(b) has altered *Kostamo* so as to require that the work accelerate or aggravate the disease or condition in a significant manner, or that the work, coupled with the disease, in fact cause an injury in a significant manner. However, Administrative Order No. 1990-6, 436 Mich lxxxiv, requires adherence to *Farrington v Total Petroleum, Inc,* 189 Mich App 298 (1991), in which it was held that where an employee's work, coupled with a

preexisting condition, in fact causes an injury, compensation is due without reference to whether factors of employment are significant causes of the injury.

In these cases, the commission did not err in abiding by *Farrington* in determining that the plaintiffs were entitled to benefits.

Affirmed.

*Thomas K. DiPietro,* (*Daryl Royal,* of Counsel), for Ahmed M. Makky.

*Shrauger, Dunn & Aronson, P.C.* (by *Michael R. Dunn*), for Raymond Rimsa.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for General Dynamics Land Systems, Inc.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Michael J. De Polo*), for S & S Masonry, Inc., and Ohio Casualty Insurance Company.

Before: REILLY, P.J., and MACKENZIE and WEAVER, JJ.

WEAVER, J. We have before us two appeals from the Workers' Compensation Appellate Commission, which have been consolidated because both address the issue of an employee's entitlement to compensation in cases involving heart attacks. We affirm both.

### FACTS

Ahmed Makky sought from his employer, General Dynamics Land Systems, Inc., workers' compensation benefits for disability arising from a heart attack. Plaintiff was employed as a janitor. On February 13, 1985, he drove through a snowstorm to get to work and discovered that his

partner was not there. Plaintiff testified that he resolved to complete the entire job, or at least seventy-five percent of it, by himself. As a result, he worked faster than usual.

At 4:00 P.M., while mopping a floor, plaintiff felt pain in his chest and had difficulty breathing. At his supervisor's request, he attempted to continue working but was unable to do so. Plaintiff was admitted to a hospital on that day, and ten days later he underwent coronary bypass surgery.

Five physicians testified by way of deposition. Defendant's three physicians, who were not told of plaintiff's rushed activities on that day, found no relationship between plaintiff's work and his heart attack. One of plaintiff's physicians concluded that plaintiff's work that day contributed to his heart attack in a significant manner. The magistrate found that certain specific work-related events contributed in a significant manner to plaintiff's disabling heart damage. Defendant appealed, and the WCAC affirmed the magistrate's decision. However, the WCAC determined that the magistrate had erred in applying the "significant manner" standard of MCL 418.301(2); MSA 17.237(301)(2).

Raymond Rimsa, a brickmason, was working on the morning of April 28, 1986, when he experienced pain in his left arm, chest, and back. At lunch time, he reported his symptoms and went home to rest. Later that afternoon, his wife drove him to a hospital, where a diagnosis of acute myocardial infarction was made. Plaintiff was hospitalized until May 7, 1986, and then rested at home until July 11, 1986. He sought workers' compensation benefits from S & S Masonry, Inc., for the period of April 28 to July 10 and medical expenses resulting from his heart attack. The magistrate found that plaintiff had failed to prove that he suffered a compensable injury that arose

out of and in the course of his employment. Specifically, the magistrate found that plaintiff failed to satisfy MCL 418.301(2); MSA 17.237(301)(2).

The magistrate noted that plaintiff had several risk factors for a heart attack: severe coronary arteriosclerosis, a habit of smoking two packs of cigarettes a day, and a family history of heart attacks. The magistrate, concluding that plaintiff had an ordinary disease of life and that a myocardial infarction was going to occur regardless of his employment, denied plaintiff's claim because of his failure to establish a significant causal relationship between his employment and his heart attack.

Plaintiff appealed to the WCAC, which reversed the magistrate's decision. The WCAC determined that the magistrate erred in applying the "significant manner" requirement of § 301(2). The WCAC then evaluated plaintiff's proofs under what it considered the appropriate standard and found that plaintiff had proven by a preponderance of the evidence that his employment was a causative factor of his heart attack. The WCAC entered an award of weekly benefits and medical reimbursement.

ISSUE

The primary question before us in both these cases is, What standard should be applied in evaluating workers' compensation claims for heart attacks?

Originally, the jurisprudence held that the workers' compensation law did not provide compensation for a person afflicted by an illness or disease not caused or aggravated by his work or working conditions. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979). The Supreme

Court had ruled that an employee with an ordinary disease "of life" or preexisting condition was not entitled to compensation unless he could show that either "the work accelerated or aggravated the disease or condition, and thus contributed to it; or . . . the work, coupled with the disease, in fact caused an injury." *Farrington v Total Petroleum, Inc,* 189 Mich App 298, 305; 472 NW2d 60 (1991).

In 1980, the Legislature amended MCL 418.401; MSA 17.237(401) by adding the following language to the definition of "personal injury" in subsection 2(b):

> Mental disabilities and conditions of the aging process, including but not limited to heart and cardiovascular conditions, shall be compensable if contributed to or aggravated or accelerated by the employment in a *significant* manner. [Emphasis added.]

In interpreting the effect of this amendment, a panel of this Court has held that it affected only the first prong of the *Kostamo* standard by adding the words "in a significant manner" to it, while the second prong was not affected. The panel ruled that where an employee's work, coupled with a preexisting condition, in fact causes an injury, compensation is due without reference to whether factors of employment were a "significant" cause of the injury. *Farrington, supra,* p 307.

However, we disagree with the *Farrington* panel's interpretation of the effect the amendment of MCL 418.401; MSA 17.237(401) had on *Kostamo's* test. It seems to us that not only was the first prong revised by the amendment, but also that the second prong was completely revised.

We would hold that the statute applies to *any* heart or cardiovascular condition regardless of

whether the condition results from a disease or an injury. As the *Farrington* panel noted, the obvious intent of the amendment was to make the requirements for compensability of heart and cardiovascular conditions more stringent. See *Lambard v Saga Food Service, Inc,* 127 Mich App 262; 338 NW2d 207 (1983). Unlike the *Farrington* panel we see no reason to think that this intent should be limited.

However, under Administrative Order No. 1990-6, 436 Mich lxxxiv, we are constrained to follow *Farrington.*

### RESOLUTION

General Dynamics and S & S Masonry both argue that the WCAC erred in not applying the "significant manner" standard of causation to determine the compensability of plaintiffs' claims for heart-related disabilities in their respective cases. As we have seen above, the standard to which we must adhere currently is set out in *Farrington* and was utilized in both disputes by the WCAC.

S & S Masonry also argues that there was insufficient evidence to find that Rimsa's employment had caused his injury when there was only medical opinion testimony establishing that the injury could be caused by employment. As the reviewing court, we must determine whether the WCAC correctly applied its standard of review to the magistrate's findings of fact. *Palmer v ITT Hancock,* 189 Mich App 509; 474 NW2d 136 (1991).

The WCAC rejected defendant's contention that the medical testimony was insufficient to establish the causal link. The WCAC had already determined that the magistrate had applied the wrong standard. In light of this, we conclude that the WCAC was correct in concluding that the magistrate's findings of fact were not supported by competent,

material, and substantial evidence and did not err in making its own findings. *Palmer, supra.* Further, we are convinced that the WCAC's findings of fact were supported by some competent evidence.

We affirm.