SCHNEURINGER v FORD MOTOR COMPANY (ON REMAND)

Docket No. 153502. Submitted March 16, 1993, at Lansing. Decided June 8, 1993, at 9:15 A.M. Leave to appeal sought.

Lorene Schneuringer sought workers' compensation benefits for her husband's death from cardiac arrythmia while working on an assembly line at Ford Motor Company. A hearing referee in the Bureau of Workers' Disability Compensation and the Workers' Compensation Appeal Board denied benefits. The board determined that the arrythmia had been caused by arteriosclerosis and that the arteriosclerotic condition had not been aggravated or accelerated in a significant manner by the employment. The Court of Appeals denied the plaintiff leave to appeal. The Supreme Court, in lieu of granting leave, remanded to the Court of Appeals for consideration as on leave granted. 439 Mich 1022 (1992).

On remand, the Court of Appeals *held:*

MCL 418.401(2)(b); MSA 17.237(401)(2)(b) provides in part that conditions of the aging process, including heart and cardiovascular conditions, are compensable if contributed to or aggravated or accelerated by the employment in a significant manner. Contrary to the board's mistaken belief, the "significant manner" requirement applies not just to cases in which there was no heart damage, but to all cases. Here, the plaintiff failed to establish a sufficient link between employment and injury by not showing that the injury was related to specific incidents or events at work rather than general stress and exertion over time.

Affirmed.

*Miller, Cohen, Martens, Ice & Geary, P.C.* (by *Norton J. Cohen* and *Denise L. Clemmons*), for the plaintiff.

*Gary L. Hayden,* for the defendant.

### ON REMAND

Before: DOCTOROFF, C.J., and SAWYER and MURPHY, JJ.

Per Curiam. This workers' compensation case was remanded to this Court for consideration as on leave granted. 439 Mich 1022 (1992). Plaintiff's decedent, William Schneuringer, died at work between 3:30 and 4:00 P.M. on October 25, 1982, when his heart suddenly stopped. A hearing referee found no causal relationship between Schneuringer's death and his employment and denied benefits. The Workers' Compensation Appeal Board affirmed on December 27, 1990, finding, among other things, that Schneuringer's employment did not contribute to his arteriosclerotic condition in a significant manner and that "no specific instances of stressful mental condition or physical exertion was [sic] shown." Plaintiff appeals and we affirm.

I

Schneuringer had worked four or five weeks at a production-line job that was considered light work by defendant. Schneuringer was assigned to the job because he was recovering from back surgery. Plaintiff characterized the job as fast-paced and strenuous. On the day of Schneuringer's death the production rate was about thirty-six assemblies per hour. The parts Schneuringer and his fellow employees installed were on wheeled racks. About every two hours a new rack of parts had to be moved a distance of about nine feet in order to be in place for use. The racks were generally moved by a single employee, some of whom were smaller than the six-foot one-inch, 237-pound Schneuringer. Schneuringer appeared to his co-workers to have been happy with his job, and there was no evidence that Schneuringer had any difficulty moving the racks on October 25, 1982. Schneuringer, without complaining, moved racks three times in

the morning and once, at about 1:00 P.M., after lunch.

Schneuringer complained about indigestion when he returned from lunch at about 12:30. The co-worker closest to Schneuringer noticed he was slowing down during the afternoon. At about 3:30 Schneuringer collapsed at the side of the production line. There was no testimony from anyone who saw Schneuringer collapse. Schneuringer was pronounced dead by 4:00 P.M.

An autopsy revealed widespread arteriosclerosis, an enlarged heart, pulmonary edema, but no evidence of a myocardial infarction. Schneuringer's arteries were not totally occluded and there was no indication of a thrombosis. The death certificate identified coronary artery disease as the cause of death. Schneuringer's family doctor had treated Schneuringer for numerous conditions, but never for heart problems. Schneuringer recently had been treated for epigastric pain and a possible ulcer.

Dr. Eldred Zobl believed Schneuringer died from a fatal arrythmia brought on by severe ischemia (which prevented sufficient blood reaching the heart muscle). Dr. Zobl believed Schneuringer's work—particularly the effort required to move racks—was a significant factor causing the ischemic episode. Dr. Zobl agreed, however, that an ischemic episode could occur spontaneously at any time and was an expected consequence for persons suffering from arteriosclerotic heart disease.

Dr. Robert Gerisch also believed Schneuringer died because of a disturbance in his heart's rhythm. However, Dr. Gerisch believed the arrythmia was simply the result of a steady progression of Schneuringer's arteriosclerotic condition and was not related to Schneuringer's employment. Dr. Gerisch did not believe moving racks was a factor,

because Schneuringer would have been stricken while or immediately after he moved a rack if that were the case.

The WCAB found that Schneuringer's death was caused by his arteriosclerotic condition, which led to a fatal arrythmia. The WCAB also found that there were no specific instances of stress. The WCAB reasoned that MCL 418.401(2)(b); MSA 17.237(401)(2)(b) requires employment to contribute to heart and cardiovascular conditions in a significant manner only when no heart damage exists. In finding that Schneuringer did not suffer any heart damage, the WCAB applied the "significant manner" test of § 401(2)(b), which it found was not satisfied in Schneuringer's case.

II

The leading "heart cases" are *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979), and *Miklik v Michigan Special Machine Co,* 415 Mich 364; 329 NW2d 713 (1982). *Kostamo* recognized that workers' compensation does not compensate workers afflicted by illnesses or diseases not caused or aggravated by work, and that arteriosclerosis is an "ordinary disease of life which is not caused by work or aggravated by the stress of work." 405 Mich 116. *Kostamo* also stated:

> Unless the work has accelerated or aggravated the illness, disease or deterioration and, thus, contributed to it, or the work, coupled with the illness, disease or deterioration, in fact causes an injury, compensation is not payable. [405 Mich 116.]

This language has been interpreted by panels of the WCAB and by at least one panel of this Court

as distinguishing between bases for entitlement to benefits: (1) work aggravated or accelerated the disease or condition or (2) work, coupled with the disease, in fact caused an injury. *Farrington v Total Petroleum, Inc,* 189 Mich App 298, 305; 472 NW2d 60 (1991), aff'd 442 Mich 201; 501 NW2d 76; but see *Makky v General Dynamics Land Systems, Inc,* 194 Mich App 105; 486 NW2d 309 (1992). The particular distinction recognized in *Farrington* is not at issue in the instant case.

*Miklik* reaffirmed *Kostamo,* and further stated that a plaintiff alleging a heart-related disability must prove both the existence of heart damage and a clear connection between the heart damage and specific incidents at work:

> There must be a relationship proved between the damage and *specific* incidents or events at work. General conclusions of stress, anxiety, and exertion over a period of time do not satisfy this second requirement. There must be enough detail about that which precipitated the heart damage to enable the factfinder to establish the legal connection by a preponderance of the evidence. [415 Mich 370; emphasis in original.]

The WCAB in the case before us recognized the holdings of *Kostamo* and *Miklik,* and then considered the effect of a 1980 amendment that (among other things) added the following language to the definition of "personal injury" in MCL 418.401(2)(b); MSA 17.237(401)(2)(b):

> Mental disabilities and conditions of the aging process, including but not limited to heart and cardiovascular conditions, shall be compensable if contributed to or aggravated or accelerated by the employment in a *significant manner.* [Emphasis added.]

The WCAB concluded that this amendment applied only to cases where there was no heart damage. Because the WCAB found that Schneuringer did not suffer any heart damage, it applied the "significant manner" requirement. It then concluded that employment did not contribute to Schneuringer's death in a significant manner.

The WCAB's analysis was faulty because the Legislature was not concerned with the existence of heart damage when it adopted the significant manner requirement. The amendatory language concerns causation. Heart damage is of course required if a disability is related to a heart injury, but if the heart damage is not related to employment, then the injury is not compensable regardless of the extent of damage.

In a "heart case," the plaintiff must prove both heart damage and a sufficient link with employment. *Miklik, supra* at 370. There is no indication that the "significant manner" amendment diminished these basic principles or that the amendment applies only in cases where there is heart damage. The amendment literally applies to "cardiovascular conditions" as well as to "heart" conditions. We note that there is no claim that Schneuringer's employment contributed to his arterial condition.

The outcome in this case is governed by the need for plaintiff to prove a sufficient link between employment and injury—based upon specific incidents or events at work and not general stress and exertion over time. *Miklik, supra.* There were no such proofs in this case, and the WCAB found none. It does not matter in this case whether stoppage of Schneuringer's heart represented "heart damage" as argued by plaintiff. Nor does it matter in this case whether the significant manner requirement applies. Under the factual basis relied upon by the

WCAB, plaintiff did not establish a relationship between whatever damage existed and specific incidents or events at work. Thus, plaintiff cannot prevail. A similar result was reached in *McVey v General Motors Corp,* 160 Mich App 640; 408 NW2d 408 (1987), and *Moreno v Campbell, Wyant & Cannon Foundry,* 142 Mich App 648; 369 NW2d 867 (1985).

Although the WCAB's reasoning was not entirely sound, we nevertheless affirm because the result arrived at by the WCAB is also reached when the applicable law is applied to the factual basis relied upon by the WCAB.

Affirmed. Defendant may tax costs.