YATES, Judge.
Debra A. Simmons sued her employer, Hazel’s Family Restaurants, Inc. (“Hazel’s”), on July 15, 1997, seeking workers’ compensation benefits for injuries she claimed to have sustained during the course of her employment. She alleged that on July 21, 1995, she slipped and fell, causing injury to her left hip area; that she was permanently partially disabled; and that she had been forced to incur certain out-of-pocket medical expenses.
Following an ore tenus proceeding, the court, on December 10, 1999, entered an order, finding that Simmons had suffered a compensable injury; and awarding her partial disability benefits, including reimbursement for certain medical expenses. The court’s order stated, in part:
“6. [Hazel’s] paid reasonable and necessary medical expenses incurred in the care and treatment of [Simmons], but other medical expenses reasonably and [necessarily] incurred in the care and treatment of [Simmons] in the amount of $24,012.64 have not been paid by [Hazel’s] and are owing.
“7. Upon the proof in this case, including the medical evidence, [Simmons] incurred a 15% permanent partial disability as a proximate result of her injury for which she is entitled to receive compensation from [Hazel’s] at the rate of $20.50 per week for two hundred and ninety (290) weeks from and after October 7, 1995, as of the date on which said payment should have commenced. Of these permanent partial disability benefits, seventy-two (72) weeks are payable as future benefits from and after the date of this Judgment.
[[Image here]]
“(c) All existing and unpaid necessary and reasonable medical expenses consisting of $24,012.64 shall be paid by [Hazel’s] directly to [Simmons] who has paid the medical providers directly. A list of these medical expenses is attached to this Order as Appendix ‘A.’ ”
Both parties filed postjudgment motions: the court denied the motion filed by Hazel, on December 10, 2000, and it granted Simmons’s request that she be held “entitled to future medical benefits from [Hazel’s] that are reasonable and necessary.”
Hazel’s appealed, arguing that the trial court erred in awarding Simmons medical expenses (1) incurred from unauthorized physicians and (2) based on information that was not in evidence.
This case is governed by the 1992 Workers’ Compensation Act. This Act provides that an appellate court’s review of the standard of proof and its consideration of other legal issues shall be without a presumption of correctness. § 25-5-81(e)(1), Ala.Code 1975. It further provides that when an appellate court reviews a trial court’s findings of fact, those findings will not be reversed if they are supported by substantial evidence. § 25-5-81(e)(2), Ala.Code 1975. Our supreme court “has defined the term ‘substantial evidence,’ as it is used in § 12 — 21—12(d), to mean ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996), quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court has also concluded: “The new Act did not alter the rule that this court does not weigh the evidence before the trial court.” Edwards v. Jesse Stutts, Inc., 655 So.2d 1012, 1014 (Ala.Civ.App.1995).
*983 Simmons, who was 54 years old at the time of the trial, testified that she had been employed intermittently for the past 9 years with Hazel’s and that she was earning approximately $204 per week at the time of the accident. She stated that she slipped and fell, injuring her left side; that she immediately reported the accident to her supervisor; and that she was sent to Dr. Gregory Funk, who made X-rays and prescribed muscle relaxers. At her request, Simmons was then referred to Dr. Rodriguez Feo, who also prescribed muscle relaxers, administered a cortisone shot, and took additional X-rays. Simmons was subsequently given her choice from a panel of four physicians; she selected Dr. William Crotwell III, an orthopedic physician. Simmons stated that she became dissatisfied with his care after, she said, he told her that she “was grossly overweight, too fat ... needed to lose weight and learn to live with [her] problem.” Simmons stated that she asked for a referral to another doctor and that her request was denied. She stated that after her pain continued, she sought treatment from Dr. Edmund Dyas, who treated her and then referred her to Dr. Jack Denver. Simmons stated that she went to two other doctors in Birmingham, who administered pain injections. The medical records and deposition testimony of Dr. Unal Tutak, Dr. Marion Sovic, Dr. Denver, and Dr. Dyas were admitted into evidence. Simmons stated that she had incurred medical expenses related to her visits with each of these four doctors; that her employer had not authorized any of the additional medical care; and that the medical care consisted of making X-rays, prescribing drugs, and giving injections that cost $2,500 to $3,000 for each treatment.
This court has previously addressed the issue of medical treatment by an unauthorized physician. In Sheppard v. Massey Hauling Co., 726 So.2d 682 (Ala.Civ.App.1998), we stated:
“Under Alabama’s workers’ compensation laws, the employer selects the treating physician. If the employee is dissatisfied with that physician, the employer must provide the employee with a list of four other physicians from which the employee can choose another treating physician. § 25-5-77(a), Ala.Code 1975.
“This court has explained that the purpose behind the law is to strike a balance between the value of allowing a patient to choose his own doctor and the value of ‘achieving the maximum standards of rehabilitation by permitting the compensation system to exercise continuous control of the nature and quality of medical services from the moment of injury.’ As Professor Larson explained:
“ ‘If the injured employee has completely unlimited free choice of his doctor, in some cases he may select a doctor, because of personal relationship or acquaintance, who is not qualified to deal with the particular kind of case, or who at any rate is incapable of providing service of the quality required for the optimum rehabilitation process.’
“The law does provide for four instances in which the employee is justified in incurring medical expenses without first obtaining the employer’s authorization:
“ ‘(1) where the employer, has neglected or refused to provide the necessary medical care; (2) where the employer has consented to the selection by the employee; (3) where notice of and request for alternative care would be futile; and (4) where other circumstances exist which justify the selection of alternative care by the employee.’ ”
Id. at 685 (citations omitted); see also Williams v. Union Yarn Mills, Inc., 709 So.2d 71 (Ala.Civ.App.1998).
*984 After thoroughly reviewing the entire record, including the depositions and other exhibits, we conclude that the court erred in ordering Hazel’s to pay Simmons “all existing and unpaid necessary and reasonable medical expenses consisting of $24,012.76.” No evidence in the record supports the determinatioh that the court applied one of the four exceptions to approve the unauthorized medical care as reasonable and necessary. Further, we are unable to locate the evidence used in the trial court’s “Appendix A”; there are no canceled checks evidencing payments and no reference to such payments in the record. We, therefore, reverse the judgment and remand this case for further proceedings. The trial court is directed to determine whether one of the four exceptions for unauthorized medical care applies in this case and to indicate the specific evidence it relied upon to calculate all medical reimbursements.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ„ concur.