2011 OK CIV APP 48

**Daniel Ben TENNELL, Petitioner,**

v.

**HORSEHEAD CORPORATION, Ace American Insurance Co., and the Workers' Compensation Court, Respondents.**

**No. 107,836.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 27, 2010.

---

Susan H. Jones, Richard S. Toon, Jr., Tulsa, Oklahoma, for Petitioner,

Donald A. Bullard, H. Lee Endicott, Bullard & Associates, Oklahoma City, Oklahoma, for Respondents.

LARRY JOPLIN, Presiding Judge.

¶ 1 Petitioner Daniel Ben Tennell (Claimant) seeks review of an order of a three-judge panel of the Workers' Compensation Court affirming the trial court's decision to deny his claim. In this review proceeding, Claimant challenges the trial court's order as lacking sufficient specificity to permit intelligent review, and the order of the three-judge panel as affected by errors of both fact and law.

¶ 2 Claimant alleged that he sustained an injury arising out of and in the course of his employment with Respondent Horsehead Corporation (Employer) when he slipped and fell. At his deposition, however, Claimant admitted that he suffered his complained-of injuries during an altercation with a co-employee. The co-employee testified that Claimant started the fight and that he asked Claimant not to report the fight out of fear of losing his job.

¶ 3 On consideration of the testimony, the trial court denied the claim:

> [T]his is a fight case: claimant and a co-employee in an unwitnessed fight. Before addressing who may have been the aggressor, the Court would first note that the claimant and his combatant coemployee, whom he supervised, do not come before this Court with clean hands. Testimony by the parties in Court and in deposition establish that the claimant and his coemployee scuffled and claimant fell and allegedly injured his head, left elbow, eyes and suffered psychological overlay. Before a supervisor of the two combatants arrived on the scene, claimant and his co-employee combatant agreed to allege a slip and fall injury to save the job of the co-combatant, "because he needed his job and he had a kid." (Paraphrased from testimony)
>
> [B]enefits were issued on a Form 3 filed July 8, 2008, alleging that claimant "fell onto floor." Only at depositions did the parties to the fight admit the Form 3 was not correct.
>
> [E]ven considering testimony regarding a fight, the unwitnessed event leads to the conclusion of mutual combat: who started the fist fight or verbal words of aggression is "he said" vs. "he said."
>
> [N]either party is credible based on outright misrepresentation of the claim. Regardless of any possible finding that claimant was a victim in the end, he lost all credibility by falsely filing a claim and receiving benefits.
>
> [I]t is therefore ordered that claimants claim for compensation be and the same hereby is denied.

On intra-court review, a three-judge panel unanimously affirmed the trial court's order as neither against the clear weight of the evidence nor contrary to law.

¶ 4 In his first proposition, Claimant asserts the trial court's order contains no specific finding of facts as to permit intelligent review. Particularly, Claimant complains the trial court failed to enter a finding on the ultimate fact concerning who was the aggressor in the fight with the co-employee. In his second proposition, Claimant asserts the evidence demonstrated the altercation arose out of the employment, that is, the fight arose when Claimant, a supervisor, directed the co-employee to perform a task.

¶ 5 Historically, in Workers' Compensation cases, the appellate courts of this state have been confined to a review of the record to determine if the decision of the Workers' Compensation Court was supported by any competent evidence. *See, e.g., Parks v. Norman Municipal Hospital,* 1984 OK 53, ¶ 9, 684 P.2d 548, 550. However, effective November 1, 2010, the Oklahoma Legislature amended § 3.6 of title 85, O.S., to provide in pertinent part:

> The Supreme Court [or Court of Civil Appeals] may modify, reverse, remand for hearing, or set aside the order or award of the Workers' Compensation Court upon any of the following grounds:
>
> 1. The Court acted without or in excess of its powers;
>
> 2. The order or award was contrary to law;
>
> 3. The order or award was procured by fraud; or
>
> 4. The order or award was against the clear weight of the evidence.

85 O.S. Supp.2010 § 3.6(C), amended by Laws 2010, SB 1973, ch. 403, § 1, eff. November 1, 2010. By this provision, the legislature has now plainly and expressly authorized the Oklahoma appellate courts to "modify, reverse, remand for hearing, or set aside the order or award of the Workers' Compensation Court" if the judgment is "against the clear weight of the evidence." The question arises, however, concerning *when* the Oklahoma appellate courts may begin to apply the "clear weight of the evidence" standard.

¶ 6 Many states view the change in appellate standard of review as predominantly a change in "procedure," and that the standard of review in effect at the time of either the filing of the claim, or the adjudication of the claim, or the decision on appeal, applies. *See, e.g., Truckstops of America, Inc. v. Engram,* 220 Ga.App. 289, 469 S.E.2d 425, 427–428 (1996)[1]; *Farrington v. Total Petroleum, Inc.,* 189 Mich.App. 298, 472 N.W.2d 60, 63–64 (1991)[2]; *Kinninger v. Industrial Claim Appeals Office of State of Colo.,* 759 P.2d 766, 767–768 (Colo.App.1988)[3]; *Armstrong v. Asten–Hill Co.,* 90 Or.App. 200, 752 P.2d 312, 314–315 (1988)[4]; *Pospisil's Case,* 402 Mass. 820, 525 N.E.2d 646, 647–648 (1988)[5]; *Hengemuhle v. Long Prairie Jaycees,* 358 N.W.2d 54, 58 (Minn.1984).[6] Other states view such a change in the standard of review as predominantly a change in "substantive" law which cannot be applied retroactively, and that the law in effect at the time of the injury controls. *Hazel's Family Restaurants, Inc. v. Simmons,* 781 So.2d 981, 982 (Ala.Civ.App.2000); *Alley v. Consolidation Coal Co.,* 699 S.W.2d 147, 148 (Tenn.1985). Indeed, even in one of the "procedural" states, it has been held it "would be unfair and unjust to all parties concerned" to apply a different standard on rehearing than was in effect at the time of hearing. *Steele v. North Dakota Workmen's Compensation Bureau,* 273 N.W.2d 692, 697 (N.D.1978).[7]

■■ ¶ 7 In Oklahoma, "[t]he general rule is that the law in effect at the time of an employee's injury controls in workers' compensation matters." *King Mfg. v. Meadows,* 2005 OK 78, ¶ 11, 127 P.3d 584, 589. "A compensation claim is controlled by the laws in existence at the time of injury and not by laws enacted thereafter." *Id.* "The right of an employee to compensation arises from the contractual relationship existing between the employee and the employer on the date of injury." *Id.* "The statutes then in force form a part of the contract and determine the substantive rights and obligations of the parties." *Id.* "No subsequent amendment can operate retrospectively to affect in any way the rights and obligations which are fixed." *Id.* Under this rule, the law in effect at the time of the injury clearly determines what standard of review applies.

■■ ¶ 8 However, we would reach the same result even if a change in the standard of review is viewed as a predominantly procedural change. That is to say, the applicable standard of review affects the manner in which a case may be tried: a case to be reviewed under the "any competent evidence standard" may well be tried differently if it will be reviewed under the "clear weight of the evidence" standard, and we believe it would be inherently unfair and unjust to subject a case tried under the "any competent evidence" appellate standard to "clear weight of the evidence" review.

¶ 9 We consequently hold appellate review in workers' compensation cases is controlled by the standard of review in effect at the time of the injury. We therefore apply the "any competent evidence" standard to the

1. Law in effect on the date of appellate decision.

2. Law in effect on the date of filing of appeal.

3. Law in effect on the date of appellate decision.

4. Law in effect on the date of filing of appeal.

5. Law in effect on date of appellate decision.

6. Effective date of amendment.

7. "The order of dismissal is dated 10 March 1977. The petition for rehearing was denied on 20 October 1977. The preponderance of evidence standard became effective 1 July 1977. This raises the question, does the preponderance of evidence standard on review apply to a claim which was heard and initially decided by the Bureau prior to the effective date? We think not. The case law developed as a result of the repeal of the de novo review statute is not in opposition to the conclusions reached herein. In fairness to all of the parties concerned, including the employer, we conclude that to apply a substantially different standard on appeal than the one under which the claim was initially considered and decided would be unfair and unjust to all parties concerned. We therefore conclude that because the preponderance of evidence standard of review was not in effect at the time the Bureau made its findings of fact it does not apply to this case as presently submitted even though the petition for rehearing was denied after the effective date of the preponderance of evidence standard. It necessarily follows that the substantial evidence standard on review applies to this claim as it is presently submitted."

decision of the Workers' Compensation Court in the present case.

¶ 10 In this respect, the co-worker testified that Claimant started the fight. The testimony constitutes competent evidence to support a finding that Claimant was the aggressor.

¶ 11 It was also revealed that Claimant and his co-worker conspired to cover up the true etiology of the injuries. On this evidence, the trial court determined Claimant could not be believed, and denied the claim. The order of the trial court adequately explains the decision.

¶ 12 The order of the Workers' Compensation Court is therefore SUSTAINED.

BELL, V.C.J., and MITCHELL, J., concur.